```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-27-24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Vincent Cannady,

                    Defendant.

**Amended Protective Order**

**24 Cr. 278 (VB)**

WHEREAS the Government and the defendant, through previous counsel, have stipulated to terms of a protective order and to there being good cause for entry of a protective order, which the Court so-ordered on June 14, 2024 (ECF No. 12);

WHEREAS the defendant's previous counsel, Jennifer Brown, Esq., and Jane White, Esq., of the Federal Defenders ("Federal Defenders") filed a motion to withdraw as counsel, which the Court granted on August 28, 2024, following which Ezra Spilke, Esq., was appointed as replacement counsel (*see* ECF No. 43 and Minute Entry for August 28, 2024);

WHEREAS, on August 29, 2024, Mr. Spilke signed and consented to the terms of the June 14, 2024, protective order;

WHEREAS the defendant filed a motion to proceed pro se in this action, which the Court granted on September 12, 2024, and appointed Ezra Spilke, Esq., as standby counsel ("Standby Counsel") (*see* ECF No. 46);

WHEREAS at the September 12, 2024, conference in this case, the Court directed the Government, over the defendant's objection, to submit an amended protective order in light of the aforementioned developments following the Court's entry of the June 14, 2024, protective order;

2023.11.26

Upon the application of the United States of America to amend the June 14, 2024, protective order pursuant to Fed. R. Crim. P. 16(d), and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's Possession Only ("APO") Material.** Certain materials in this case may raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or Standby Counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to Standby Counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."

3. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case may raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or Standby Counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to Standby Counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

4. Disclosure Material shall not be disclosed by the defendant or Standby Counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. APO Material received by Standby Counsel shall be maintained in a safe and secure manner by Standby Counsel and any personnel for whose conduct Standby Counsel is responsible; shall not be possessed by the defendant, except in the presence of Standby Counsel and any personnel for whose conduct Standby Counsel is responsible; and shall not be disclosed in any form by the defendant, Standby Counsel, or any personnel for whose conduct Standby Counsel is responsible except as set forth herein.

6. AEO Material received by Standby Counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

with any other persons, including the defendant, except for any personnel for whose conduct Standby Counsel is responsible.

### Other Provisions

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. Disclosure Material shall not be disclosed or used in any form in any civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Standby Counsel shall maintain a record of what information has been disclosed to which such persons.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject

2023.11.26

to Standby Counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct Standby Counsel is responsible or prospective witnesses, Standby Counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. Nothing in this Order shall be construed as abrogating or otherwise limiting the obligations imposed on the defendant or the Federal Defenders under the June 14, 2024, protective order (ECF No. 12).

### Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: White Plains, New York
       September 27, 2024

_____
THE HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE