UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America

Petitioners/Plaintiffs

v.

Vincent N. Cannady

Defendant

Case No: 7:24-CR-00278

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/24

## **DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS INDICTMENT**

I, Vincent N. Cannady on this 7th day of October 2024, do move under Federal Rules of Criminal Procedure Rule 12 to respond to the Government's Answer to Defendants Motion to Dismiss Indictment.

### **OBJECTIONS**

Vincent N. Cannady OBJECTS TO all Settlement Negotiations Evidence Admissibility at trial under Federal Rules of Evidence Rule 408. This rule makes all Settlement Negotiations, Settlement Demand Letters, and Settlement terms Inadmissible. Those terms would include emails, files, amount of Compromise settlement terms, laptop images, One Drive Accounts, Laptops, flash drives, or all other storage media listed in the Settlements sent and received to and from Vincent N. Cannady.

Federal Rules of Evidence Rule 408 would invalidate any Settlement Negotiations evidence presented to the Grand Jury for indictment as the Evidence would be inadmissible for trial. Furthermore, the Second Circuit has ample Case law allowing for Settlement Negotiations and making them inadmissible for trial in both Civil and Criminal case. Therefore, Vincent N. Cannady OBJECTS to the settlement Demands, emails and amount of Compromise terms that was a part of Court ordered Settlement Negotiations in the Western District of Missouri.

To conclude the OBJECTIONS, Vincent N. Cannady OBJECTS any statements made by Vincent N. Cannady and sent to Vincent N. Cannady that are a part of the Settlement Negotiations to include emails and Settlement Offers made by Manpower and Kyndryl. Such statements whether aggressive or not are inadmissible at trial under Fed. R. Evid. 408.

## LEGAL ARGUMENT

The indictment in the case against Vincent N. Cannady is based on Settlement Demand emails sent a few days before Court Ordered Mediations under MAP and Settlement Negotiations terms that were sent days after the Court Order MAP. The compromise amount that the Government states as Attempted Extortion in the failed Indictment is actually authorized by Federal Rules of Civil Procedure Rule 1. Fed. R. Proc. Rule 1 and the rule is the Courts authorization for all parts of a settlement as a "Just, Speedy, and Inexpensive Determination Action."

In **Jones v. Cargill, Inc.**, 490 F. Supp. 2d 989, 2007 U.S Dist. Lexis 19358 (N.D. Iowa 2007) the court ruled that exclusion of any evidence of conduct or statements made during settlement negotiations was inadmissible.

Federal Rules of Evidence 408 limits introduction at trial of evidence regarding settlement negotiations, not the discoverability of such evidence **Alcan Int'l Ltd v S.A. Day Mfg. Co.**, 179 F.R.D. 403, 1998 U.S. Dist Lexis 10407.

Fed. R. Evid. 408 applies in both civil and criminal proceedings in **United States v. Skeddle**, 176 F.R.D. 254, 48 Fed. R. Evid. Serv. (CBC) 932, 1997 U.S. Dist. LEXIS 17758 (N.D. Ohio 1997). The U. S. Court of Appeals Eight Circuit ruled that it is appropriate to view Fed. R. Evid. 408 to be broad enough to cover work products in **EEOC v. UMB Bank Fin Corp.**, 558 F.3d 784, 2009 U.S. App. LEXIS 5217 (8th Cir. 2009).

Under Fed. R. Civ. Proc. Rule 1 the Courts states Settlements can be a Speedy, Just, and a Inexpensive Determination Action, therefore, such demands are authorized by the Courts **Joseph Co. Inc. v. J. Lauritzen** AO 751 F.2d 267 (8th Circuit 1997) the court observed that a settlement demand is a normal activity incident to litigation. Litigants are protected from liability for sending a settlement demand letter. Accordingly, District Courts do not Criminalize settlement demands or settlement negotiations as Extortion citing **Atlantic Records Corp v. Raliegh** U.S. Dist. LEXIS 62977 (2nd Circuit 2008).

Under the Hobbs Act 18 U.S.C. Section 195 in order for the Government to prove Vincent N. Cannady guilty of Extortion the Government must prove that he had Wrongful Intent when he sent a Court Ordered Settlement Terms email. Following such an order is not wrongful intent as stated in **United States v. Coonan** 938 F.2d 1553 (2nd Circuit 1991) where Coonan was convicted of other charges but Acquitted of Extortion because the Government could not demonstrate that Coonan had wrongful intent under the Hobbs Act. In **Dixon & Co.**, 86 NY 2d 685 (1985) Court of Appeals noted that aggressive settlement demands even if they imply

litigation do not rise to the level of Extortion but focus instead of the legitimacy of the underlying claim.

As the Atlantic Records case stated "Filing or threatening to file a lawsuit is not Extortion under the Hobbs Act." The Second Circuit has also ruled that Settlement Demand Letters are not Extortion in re; **O.P.M. Leasing Services Inc**. BR 199 (S.D.N.Y 1984)

## CONCLUSION

The Government cannot access the files or laptop image stated in the indictment. The indictment fails because without the files the Government can neither prove harm nor wrongful intent. Furthermore Federal Rules of Evidence 408 makes the files, emails, Settlement terms, and digital devices Inadmissible at trial because they are all part of Settlement Negotiations.

While the files and other Rule 408 evidence are allowed at Discovery, there are limitations for them to be admitted at trial. Caselaw and Federal Rules of Civil Procedure Rule 1 support Vincent N. Cannady pleading that he had no wrongful intent when he engaged in Court ordered settlement negotiations via sending settlement demand emails. To the contrary the "Alleged" Victim in this case, Kyndryl was not even on the Settlement Negotiations emails and did not take part until Vincent N. Cannady was represented by counsel.

The indictment fails yet again by stating that Vincent N. Cannady sent a second Extortion email through and by his counsel after the Court ordered Vincent N. Cannady's Attorney/Counsel to resume MAP mediation settlement negotiations. The indictment term accusing Vincent N. Cannady's attorney of extortion caused her to be ineffective counsel.

Finally, the indictment fails on the Threat of Violence or other harm requirements for a Conviction of Extortion. Vincent N. Cannady is legally blind. Vincent N. Cannady is diagnosed with Agoraphobia and Aerophobia.

Vincent N. Cannady had not left his property since 2019, until he was arrested because of his phobia fear of the outside world. Vincent N. Cannady had not flown in fifteen years after his Veterans Affairs Therapist convinced him to face his fear of flying by taking a flight. Vincent N. Cannady had heart related illnesses after barely surviving that flight and the flight that brought him to New Jersey for Court, even though the Judge ordered Vincent N. Cannady be driven, Vincent N. Cannady was dragged on a plane and choked when he had a panic attack at take-off. All of this occurred because Vincent N. Cannady followed Court Ordered Mediation requests for Settlement Terms.

Vincent N. Cannady states that no sane person would use the US District Courts, The Media, The Securities and Exchange Commission, The Federal Reserve to commit Extortion. Vincent N. Cannady had only the intent to file a legitimate claim as the Law allows for under Federal Rules of Civil Procedure Rule 1, which makes civil Court the proper Venue for this case and that case has already been filed and is stayed pending this Court's ruling.

Vincent N. Cannady Prays the Court will GRANT his Motion to Dismiss and immediately ORDER his release from Custody.

Respectfully submitted,

*[signature: Vincent N. Cannady]*

Mr. Vincent Cannady

17472, S. 2950 Road

El Dorado Springs

Missouri 64744

vnc@rocketmail.com