UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                 :   **ORDER**
v.                               :
                                 :   24 CR 278 (VB)
VINCENT CANNADY,                 :
                    Defendant.   :
--------------------------------------------------------------x

  This Order addresses multiple issues raised by:

  1. The unsigned, purported notice of appeal filed by defendant on October 18, 2024 (Docs. ##63–75);

  2. The notice of appeal filed by defendant on October 24, 2024, regarding the Court's orders setting the terms and conditions of pretrial release (Doc. #93);

  3. Defendant's letter dated November 5, 2024, stating he is not ready for trial and raising concerns regarding pretrial discovery and the provision of trial preparation materials (Doc. #96);

  4. The government's letter dated November 6, 2024, requesting Court intervention as to trial subpoenas drafted by defendant (Doc. #97); and

  5. Standby counsel's letter dated November 8, 2024 (but filed November 7, 2024), requesting, on behalf of defendant, that the trial be adjourned (Doc. #99).

  Defendant's first notice of appeal. On October 18, 2024, defendant, who is proceeding pro se, filed an unsigned notice of appeal and numerous documents attached thereto. (Docs. ##63–75). Defendant purports to appeal the Court's October 16 Order denying defendant's motions to dismiss the indictment. (Doc. #62). On October 22, the Court directed the government to submit a letter addressing the impact on these proceedings of the filing of the purported notice of appeal, and gave defendant an opportunity to respond thereto. (Doc. #79). The government filed its letter on October 24 (Doc. #82), and defendant filed a response on November 5. (Doc. #96).

  Defendant's purported notice of appeal does not divest this Court of jurisdiction over this case.

  Putting aside the technical deficiency caused by the lack of a signature on the purported notice of appeal, the Court's Order denying defendant's motions to dismiss does not fall within the narrow category of non-final orders that are immediately appealable. An appellate court's jurisdiction "is generally limited to appeals from final decisions of the district courts," unless an order falls within the collateral order exception. In re World Trade Center Disaster Site Litig.,

1

521 F.3d 169, 178 (2d Cir. 2008).[1] Under that exception, "appeal of an interlocutory pretrial order may be allowed only if the order falls within that small class of cases which finally determine claims of right separable from, and collateral to, rights asserted in the action." United States v. Wallach, 870 F.2d 902, 905 (2d Cir. 1989). "In criminal cases, the final judgment rule is at its strongest," id., meaning "interlocutory appeals in criminal cases are disfavored," United States v. Levy, 947 F.2d 1032, 1034 (2d Cir. 1991). As such, only four categories of pre-judgment orders in criminal cases are immediately appealable: (i) "orders denying a Double Jeopardy Clause challenge," (ii) "orders denying a Speech or Debate Clause challenge," (iii) "orders denying a motion to reduce bail," and (iv) "orders allowing for the forced medication of criminal defendants." United States v. Halkbank, 2020 WL 6273887, at *3 (S.D.N.Y. Oct. 26, 2020).

Because the Order denying defendant's motions to dismiss does not fall within any of these four categories, it is a non-final order to which the collateral order exception does not apply, and defendant's purported notice of appeal does not divest this Court of jurisdiction. See United States v. Rodgers, 101 F.3d 247, 251-52 (2d Cir. 1996). In short, this case will proceed without interruption.[2]

Defendant's notice of appeal as to the terms of pretrial release. On October 24, 2024, defendant filed a notice of appeal of the Court's orders setting the terms of his pretrial release. (Doc. #93). Pursuant to 18 U.S.C. § 3145(c), certain interlocutory orders related to pretrial release may be appealable. However, such an appeal would likewise not divest this Court of jurisdiction over anything other than defendant's pretrial release, as the Court's orders relating to bail are confined to that sole issue; therefore, any such appeal would not divest the Court of jurisdiction over the case itself. See United States v. Bastanipour, 697 F.2d 170, 173 (7th Cir. 1982) (explaining that "even assuming" an order was final and appealable "so that the district court lost jurisdiction over the subject matter of that particular order, . . . [the court] still would have had jurisdiction over the merits of the case").

Defendant's letter regarding trial preparation and discovery concerns. By letter dated November 5, 2024, defendant asserts that standby counsel has not provided trial preparation materials, and the government has not complied with its discovery obligations. For these and other reasons, defendant states he is not ready for trial. (Doc. #96). At standby counsel's request, the Court had previously ordered that defendant be provided with trial preparation materials, including a laptop computer, external hard drives, Sharpie markers, pens, legal pads, and poster-size boards. (Doc. #83).

The Court is skeptical of defendant's assertions. In standby counsel's letter filed November 7, 2024—discussed further below—counsel discusses in detail his recent lengthy

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[2] On October 25, 2024, defendant filed an additional notice of appeal with respect to the Court's denials of his Brady motions. (Doc. #94). The collateral order exception does not apply to such an appeal, and thus this notice of appeal likewise does not divest the Court of jurisdiction over this case.

2

meetings with defendant for the purpose of reviewing discovery as well as the other significant efforts counsel has made to assist defendant in preparing for trial.  (Doc. #99).  Nevertheless, to the extent he has not already done so, standby counsel shall provide the aforementioned materials to defendant.  The Court similarly expects the government to continue to comply with its discovery obligations.

Government's letter regarding defendant's trial subpoenas.  By letter dated November 6, 2024, the government raises concerns regarding defendant's attempted service of trial subpoenas on various parties, including a lawyer who previously represented defendant in the Missouri civil case.  Specifically, the government requests that the Court order defendant to make an ex parte offer explaining why he intends to call certain witnesses, and disclose whether he intends to raise an advice-of-counsel defense.  (Doc. #97).

The government's request is DENIED.  To the extent the government objects to evidence or arguments raised by defendant at trial, the Court will consider such objections at that time.  Standby counsel is, however, directed to assist defendant in ensuring that any subpoenas are properly drafted and served and are otherwise in compliance with all procedural requirements.

Adjournment of trial.  By letter dated November 8, 2024 (but filed November 7, 2024), standby counsel informs the Court of defendant's difficulty preparing for trial in light of defendant's visual impairments that counsel has personally observed.  Accordingly, counsel advises the Court that defendant is requesting that the trial currently scheduled for December 2, 2024, be adjourned so that defendant may seek appropriate medical treatment.  (Id.).  Standby counsel's letter also expands upon concerns raised by defendant in his November 5, 2024, letter.  (Doc. #99).

Defendant's request to adjourn the trial is GRANTED.

The government, defendant, and standby counsel shall confer with each other and with the U.S. Marshals Service prior to the scheduled November 21, 2024, pretrial conference as to exactly what medical treatment defendant requires, and how long it will take for that treatment to be provided.  The Court expects the parties to report thereon at the November 21 conference.  At the November 21 conference, the Court will set a new trial date.  However, the Court does not intend to delay the trial for any longer than necessary.  See Fed. R. Crim. P. 2.  All other pre-trial deadlines remain in effect.

In his letter, standby counsel also raises a concern about defendant's possible unintended access to Attorney Possession Only ("APO") discovery materials and requests that the Court schedule a conference to discuss this and other issues.  (Doc. #99).  To the extent counsel requests that the Court schedule a conference separate from the already scheduled November 21 conference, that request is denied.

Matters to be addressed at the November 21 conference.  At the November 21 conference, the Court shall, at a minimum, address the following matters:  (i) the setting of a new trial date; (ii) any unresolved discovery issues; (iii) any unresolved issues relating to the provision of a laptop computer to defendant; (iv) any unresolved issues regarding defendant's unintended access to APO materials; and (v) any unresolved issues pertaining to defendant's

subpoenas.  The Court directs the government, defendant, and standby counsel to confer prior to the November 21 conference in a good faith effort to resolve any open issues.

      Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: November 8, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge