# 00UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**USA**

Plaintiff           )

           )

**Vs**               )  Case No. 7:24-cr-278-VLB-1

           )

**Vincent Cannady**  )

**Defendant**

RECEIVED DEC 04 2024 U.S.D.C. W.P.

## MOTION FOR PROSECUTORIAL MISCONDUCT

I, Vincent N. Cannady on this 29th Day of November do move under the 4th, 5th, and 6th Amendment, and Brady. The US Attorney Raeshawn Watson has repeatedly DENIED or REFUSED to provide Brady Material to Vincent N. Cannady. On May the 31st 2024 Magistrate Judge McCarthy ORDERED the then AUSA to provide Brady Discovery or face a possibility for Dismissal, charge of Prosecutor Misconduct or even conviction of a crime. Vincent N. Cannady has repeatedly requested access to the Kyndryl Laptop Image( a Duplicate of the Kyndryl Laptop Vincent N. Cannady used for work at Kyndryl), the files that were on the laptop, dates of access by the government before and after Vincent N. Cannady had a warrant sworn out against him for sending Settlement Demand Letters and Settlement Negotiations based upon Manpower,

1

Kyndryl and Vincent N. Cannady being Ordered by Chief Judge Beth Phillips of the Western District of Missouri to participate in Mediation also known as MAP or Settlement Negotiations.

*People V Bunke* states that Settlement Negotiations are not Extortion. Vincent N. Cnnady has trial in just over 5 weeks as of today and despite requesting the right to inspect the files and duplicate laptop on the governments computers he has not had any Brady Discovery beyond the few emails, background information and investigative information provided by the Government. Under *USA V Roberton* the Government is required to provide Brady Material to Vincent N. Cannady in a timely manner after a timely request but the Government has refused to do so which is ethically reprehensible considering the Government already knows that Settlement Negotiations are not Extortion. Simply labeling Settlement Negotiations as Extortion does not make them Extortion under Federal Rules of Civil Procedure Rule 1, the Courts and that means both Civil and Criminal Courts authorize Settlement Negotiations *United States v Brooks* Furthermore, Federal Rules of Evidence makes any statements, documents, or anything mentioned in Settlement Negotiations including Settlement Demands as Inadmissible at trial Thereby the Government would have no evidence of Extortion in addition to that fact how could the Government prove intent to Extort. On October 24th 2024 Vincent N. Cannady received an email from Mr. Watson for the Government reminding Vincent N. Cannady of his Rule 16 requirement to Disclose. Vincent N. Cannady finds that request as a slap in the face by a Prosecutor who is embolden by a Court who would not dismiss what is clearly Settlement Negotiations. That refusal by the Court to either Modify the Bond that ties Vincent N. Cannady's hands and then throws him in the Sea ( an apt Analogy of Vincent N. Cannady current situation he finds himself in of being locked

2

in jail for a crime he did not commit, having no internet access(despite the Hudson County Jail tablets having WIFI access), all of his phone calls being listened to, being legally blind and then having no access to Brady Discovery) so the idea that Vincent N. Cannady must also provide his entire Defense to the Government while not receiving anything and that includes Brady Material.

Legal Argument

Mr. Watson has intentionally used the Court to not allow Vincent N. Cannady access to Brady Material. First was the Attorney Only Possession of the files, laptop image, and Cary analysis. Mr. Watson has never provided any evidence that the files could be disseminated after being accessed. Vincent N. Cannady reminds the Court that for the last year BEFORE he was arrested Vincent N. Cannady DID NOT Access the files he actually POSSESSES him self ( the Court referenced Cannady's possession of the files on October 16th Hearing and even that Cannady has not accessed the files under the Civil Case Temporary Restraining Order) therefore HOW would Cannady do anything with the files in Jail but inspect them the Court could have put a no copy or printing Order for the files with the Jail, but instead the Court at Mr. Watsons Request treated the files like they were DRUGS in a criminal case making Vincent N. Cannady into a Drug Dealer in its analogy. Vincent N. Cannady OBJECTS to that Analogy as well.

The next reason for Prosecutorial Misconduct is plain and simply, the Second Circuit does not Criminalize Settlement Negotiations, even Mr. Watsons own words say so (see the transcript of the October 16th hearing) The Court erred when it stated that the Second Circuit

3

Criminalized Settlement Negotiations, and when reminded that Vincent N. Cannady had submitted Case Law from the Second Circuit that had stated as much the Court admitted to not reading Vincent N. Cannady Response to the Governments Opposition to his Motion to Dismiss the Indictment. The Government actually agreed with Vincent N. Cannady that he had in fact submitted case law stating the Second Circuit did not criminalize Settlement Negotiations. That means that Mr. Watson knows that Vincent N. Cannady is being Wrongfully Imprisoned under 1983, for a false charge under 1983. Furthermore, another possible Prosecutorial Misconduct will be not putting the Grand Jury Minutes on the Docket or providing them to Vincent N. Cannady on November 1st, under the 3500 disclosures as the Government has promised the Court it would do so. Vincent N. Cannady files this Motoin after filing his Appeal and knows it may not be ruled on when it is transferred to the Court of Appeals Jurisdiction either as an Interlocutory Appeal or a Direct Appeal.

Vincent Cannady

Hudson Correctional and Rehabilitation Center

30-35 Hackensack Avenue

Kearny, NJ 07032

*[signature]*

Vincent N. Cannady
Hudson Rehabilitation Center
30-35 Hackensack Ave
Kearny, NJ 07032

RECEIVED
DEC 04 2024
U.S.D.C.
W.P.



USM
SDNY

Clerk of Court
U.S. District Court
300 Quarropas St.
Whiteplains NY
10601-4105