USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :   **ORDER**
v.                                :
                                  :   24 CR 278 (VB)
VINCENT CANNADY,                  :
                    Defendant.    :
--------------------------------------------------------------x

On March 24, 2025, defendant filed a "motion to amend conditions of bond." (Doc. #193). On March 31, the government filed its opposition (Doc. #195), and defendant filed his reply on April 7. (Doc. #197).

For the following reasons, the motion is DENIED.

As set forth on the record at a status conference on November 21, 2024, the Court tentatively approved a bail modification, such that defendant's principal conditions of release[1]—all of which defendant seeks to modify in the instant motion—are as follows: (i) a $150,000 personal recognizance bond, to be secured by defendant's home in El Dorado, Missouri, as well as $5,000 cash; (ii) defendant must reside in and maintain stable local residence; and (iii) within seven days of release from custody, defendant must surrender all physical or electronic copies of any information or materials downloaded from Kyndryl or pertaining to Kyndryl's information systems or potential infrastructure vulnerabilities.

Defendant first argues the purported sale of his home to his daughters necessitates removal of the house from the bond. As a threshold matter, defendant has not presented any documentation of this transaction beyond a bill of sale that, as noted in the government's response, is facially invalid. More to the point, defendant admitted in a prior letter to the Court that he executed this transaction to, at least in part, "remove the property from the bond." (Doc. #188 at 2). Defendant's transparent attempt to undermine this Court's bond order fails—especially considering the lack of proper documentation regarding the home's sale. As the Court stated at a status conference on December 12, 2024, the inclusion of defendant's home as security for the bond provides defendant with sufficient incentive to comply with the other imposed conditions, so as to reasonably assure defendant's return to court as required and the safety of the community. (12/12/2024 Tr. 81-84). Nothing has occurred since the December 12 conference to cause the Court to re-visit that conclusion.

Moreover, if defendant has indeed transferred ownership of his home, and if that transfer means he can no longer post the home as security, that transaction does not affect the Court's determination that his compliance with the other imposed conditions of release is best achieved through the posting of property. Put another way, defendant's voluntary decision to

---

[1] The complete conditions of release were set forth in detail on the record at the November 21 conference (11/21/2024 Tr. 59-61), as well as in the docket minute entry for that date.

render himself incapable of satisfying this condition does <u>not</u> mean the Court will remove or alter that condition.

In his reply, defendant seemingly anticipates that the Court will remove this requirement, and require instead that he post a significant cash bond. Continuing in this vein, defendant references the bank accounts of a company (C Enterprises Inc., or "CEI") controlled by defendant and his wife—which he claims contain $100,000 in cash. (Doc. #197 at 1–2). According to defendant, the Court could not require him to post some or all of that money as a condition of his release because the use of CEI's money for that purpose would "constitute embezzlement." (Id. at 2). Because the Court is not altering the conditions of defendant's release to include an increased cash bond, it need not address this argument at this time.

Defendant next contests the condition requiring him to surrender all physical or electronic copies of any information downloaded from Kyndryl or pertaining to Kyndryl's information systems or potential infrastructure vulnerabilities. Specifically, he claims this condition would place him "in direct violation" of the Temporary Restraining Order ("TRO") imposed by the district court of the Western District of Missouri ("WDMO") in a related civil case because, according to defendant, that TRO prohibits the deletion of Kyndryl files. (Doc. #193 at 2). This argument fails because the TRO prohibits only the disclosure or public filing of "any information or materials downloaded from Kyndryl or pertaining to its information systems or potential infrastructure vulnerabilities." (Doc. #193-2 at 4–5). No aspect of this Court's bond order would require defendant to violate the TRO.

In his reply, defendant alternatively suggests that the Court modify the bond to allow him to delete all Kyndryl information within 90 days—rather than the seven-day period currently imposed. (Doc. #197 at 3–4). According to defendant, the files he downloaded "are no longer relevant" and are "outdated" because Kyndryl has transitioned to a "cloud computing environment." (Id.). Therefore, defendant "only objects to deleting the files" without first receiving "permission" from the WDMO district court, and thus requests the 90-day period to allow the "files deletion issue" to be "resolved amicably." (Id. at 4). Absent a response from the government confirming defendant's characterization of the files' importance and agreeing to a 90-day period, the Court will not amend this condition. The seven-day surrender period shall therefore remain a condition of release.

In addition, defendant asks the Court to remove the requirement that he maintain a stable, local residence upon his release from pre-trial detention. According to defendant, "[e]nforcing this restriction would effectively render Mr. Cannady homeless, as he is not eligible for homeless assistance from the Department of Veterans Affairs" in New York or New Jersey because he has a "permanent residence in Missouri." (Doc. #193 at 3). Instead, defendant proposes that he reside with family in either Pennsylvania or Missouri. The Court is not persuaded, because defendant informed the Court at the December 12 conference that he was prepared—and could afford—to reside locally in an extended-stay facility in Elizabeth, New Jersey, for the duration of this case. (12/12/2024 Tr. 37-38). As such, if defendant cannot obtain a stable, local residence through the VA, the Court relies on defendant's previous assertion that he is willing and able to pursue another means to satisfy this condition.

Moreover, the Court is skeptical defendant would voluntarily return to Court as required if he resided in Missouri or Pennsylvania upon release. His explicit attempt to circumvent the Court's inclusion of the posting of his home as a condition of release demonstrates flagrant disregard for the Court's orders. Further, the government has submitted records—unrebutted by defendant—showing he has repeatedly stymied previous state prosecutions against him by failing to appear or otherwise comply with court orders. (Doc. #174). Given defendant's demonstrated intent to manipulate the orderly administration of this case, the Court will not modify defendant's conditions of release based on his representations alone.

Finally, defendant makes a new argument in his reply that he cannot adequately prepare for trial while incarcerated. The Court rejects this argument. Defendant has had, and will continue to have, the assistance of standby counsel for the purpose of reviewing discovery and otherwise preparing for trial. Also, the Court has arranged for defendant to obtain the cataract surgery he needs in order to fully review discovery and prepare for trial. The Court has never ordered defendant's detention, and instead has set reasonable conditions of release that defendant himself said he would be able to satisfy (11/21/2024 Tr. 51, 57) and should already have been able to satisfy. If he is now unwilling to do so—which appears to be the case—then he will have to remain in custody pending trial. Many defendants in federal criminal cases are in custody pending trial. That fact alone is not a basis for release on bail.

To the extent defendant raises other new arguments in his reply, the Court rejects them as plainly without merit.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: April 10, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge