UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

VINCENT CANNADY,
                            Defendant.
--------------------------------------------------------------x

**ORDER**

24 CR 278 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/25

       On April 15, 2025, defendant Cannady moved to dismiss the indictment for lack of subject matter jurisdiction and alleged due process violations. (Doc. #202).[1] On April 29, 2025, the government filed its opposition (Doc. #215), and on May 19, 2025, Cannady file his reply (Doc. #220).

       For the following reasons, the motion is DENIED.

       First, the Court has subject matter jurisdiction over this case. The indictment returned by the grand jury alleges an offense under a federal criminal statute—here, 18 U.S.C. § 1951. Therefore, pursuant to 18 U.S.C. § 3231, the Court has subject matter jurisdiction.

       Second, the indictment is legally sufficient because it alleges all of the elements of federal offense—specifically, attempted extortion as defined in 18 U.S.C. § 1951(b)(2). Fed. R. Crim. P. 7(c). Cannady cannot challenge the sufficiency of the evidence itself until the close of the government's case at trial, pursuant to Fed. R. Crim. P. 29.

       Third, Cannady's claim that he is entitled to a preliminary hearing is unavailing. A magistrate judge "must conduct a preliminary hearing" after a defendant is charged with an offense "unless . . . the defendant is indicted." Fed. R. Crim. P. 5.1(a)(2). Because the grand jury returned an indictment against Cannady, no preliminary hearing was necessary.

       Fourth, as a general proposition, criminal defendants are not entitled to review grand jury minutes unless the government is required to produce them pursuant to 18 U.S.C. § 3500 or Brady v. Maryland, 373 U.S. 83 (1963). Section 3500 materials have already been produced, and, as the Court has previously determined, there is no reason to believe the government has withheld any Brady material.

       Finally, Cannady's motion references numerous fictitious cases that appear to have been generated or erroneously cited by artificial-intelligence ("AI") programs. As such, the Court reiterates its previous instruction regarding Cannady's use of AI programs: Cannady may use such programs, but he must first confirm that every case he cites in any submission to the Court is not outright fictitious or erroneously cited. In light of Cannady's pro se status, the Court

---

[1] This is the third time Cannady has moved to dismiss this case. Each of the prior motions has been denied.

1

DENIES the government's application to sanction Cannady for his citation to these fictitious cases. However, the Court may revisit that decision in the future if Cannady continues to rely on cases falsely generated by AI programs, in addition to violating other Court directives, and it could impose a number of sanctions on Cannady—including the revocation of his pro se status.

    Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: May 21, 2025
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge