```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :   **ORDER**
v.                                :
                                  :   24 CR 278 (VB)
VINCENT CANNADY,                  :
                     Defendant.   :
--------------------------------------------------------------x

On June 17, 2025, defendant Cannady moved to stay all proceedings in this matter pending the Second Circuit's resolution of his bail appeal under Second Circuit Docket No. 24-3005. (Doc. #234). Cannady asserts that a stay is necessary because his bail appeal somehow relates to the Court's May 21, 2025, Order denying his motion to dismiss for, among other things, lack of subject matter jurisdiction. (Doc. #221). Cannady cites Rule 8(a)(2) of the Federal Rules of Appellate Procedure and "the Court of Appeals inherent authority" as a basis for his motion to stay.

For the following reasons, the motion is DENIED.

First, contrary to Cannady's claim that he filed a notice of appeal from the Order denying his motion to dismiss for lack of subject matter jurisdiction, no such notice of appeal appears on the docket in this case. Moreover, given the history of this case, any such appeal (even if filed) would plainly be both frivolous and designed solely to delay and obstruct the proceedings in this Court. In addition, Rule 8(a)(2), on its face, does not confer jurisdiction on the Court of Appeals to hear an interlocutory appeal from the denial of a motion to dismiss a criminal case. Finally, all of the cases Cannady cites in support of his motion are inapposite. Indeed, in United States v. Rodgers, 101 F.3d 247 (2d Cir. 1996), the Second Circuit cited multiple cases for the proposition that a notice of appeal from a non-final district court order does not divest the district court of jurisdiction. Id. at 251-52. The Court's May 21 Order denying Cannady's motion to dismiss for lack of subject matter jurisdiction is a non-final order. As such, Cannady's motion to stay the proceedings is meritless.

Cannady has also advised the Court that he refuses to undergo the cataract surgery he has repeatedly claimed he needs—despite being medically cleared for the surgery after a thorough evaluation performed by medical professionals, as detailed in the government's letter of June 17, 2025. (Doc. #235). This constitutes Cannady's latest transparent attempt, in a series of transparent attempts, to delay and obstruct the proceedings in this case. Cannady has the right to refuse the surgery, but he does not have the right to continue to delay and obstruct the proceedings.

In light of Cannady's latest attempt to delay and obstruct these proceedings, the Court is considering modifying his pro se status and appointing Daniel A. Hochheiser, Esq.—who is currently standby counsel—as Cannady's co-counsel. The Court views such hybrid representation as a potential way to preserve Cannady's right to represent himself while also

1

ensuring the fair and just determination of this criminal proceeding without unjustifiable delay. See Fed. R. Crim. P. 2. The Court is also considering setting a trial date of September 8, 2025.

Accordingly, by **June 23, 2025**, the parties shall separately file letters with the Court asserting their positions regarding the potential modification of Cannady's pro se status to hybrid representation.

The foregoing matters will be discussed at the status conference scheduled for June 25, 2025, at 10:00 a.m.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: June 18, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge