UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                                                          :     **ORDER**
v.                                                      :
                                                                          :     24 CR 278 (VB)
VINCENT CANNADY,                    :
      Defendant.   :
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-10-25

   On July 7, 2025, defendant Cannady filed a 39-page document entitled "Objections to Setting Trial Date." (Doc. #250). The Court fairly construes Cannady's objections as an assertion that he will not have a fair opportunity to prepare for trial and a request for an adjournment of the September 8, 2025, trial date in this case. Specifically, Cannady claims he has been "systematically denied the tools, health, time, privacy, and resources necessary for a fair trial as guaranteed by the U.S. Constitution." (Id. at 32–33).

   For the following reasons, the request is DENIED.

   Cannady raises two principal complaints, both of which are the result of his own decisions. First, he contends his pre-trial confinement prevents him from properly preparing for trial. But the Court did not detain Cannady. Rather, the record demonstrates the Court set reasonable conditions for Cannady's release after extensive on-the-record discussions with Cannady, Cannady's then-counsel, standby counsel, and the government about what conditions could reasonably assure Cannady's appearance and the safety of the community. (Minute Entry, November 21, 2024; see also 18 U.S.C. § 3142(c)). Not only has Cannady failed to meet those conditions, he tried to undermine them by attempting to transfer the title of his home—which the Court required he post as collateral for his conditional release. (Doc. #188). In short, Cannady's confinement is the product of his own choices, and any difficulty he has preparing for trial while incarcerated is a predictable consequence of those choices.

   Moreover, as the Court has previously stated on the record, it will not second-guess the conditions of Cannady's confinement insofar as they are determined by the policies and procedures of Hudson County Correctional Center. Many defendants prepare for trial while incarcerated and Cannady has had much longer to prepare than most. Partially as a result of the adjournment of the December 2, 2024, trial date (which Cannady requested), Cannady has had access to (i) Rule 16 discovery since June 2024; (ii) the government's 18 U.S.C. § 3500 material, Giglio material, and Rule 404(b) evidence since November 1, 2024; and (iii) the government's marked case-in-chief exhibits since November 15, 2024. (Docs. ##46, 153 at Tr. 42).[1] In other words, Cannady has had access to essentially the government's entire case against him for nearly

---

[1]  The only exception is any additional 18 U.S.C. § 3500 material, additional Giglio material, and any additional expert discovery, which the government must produce by July 23, 2025, and any additional marked government case-in-chief exhibits, which the government must produce by August 1, 2025. (Doc. #243).

eight months. Cannady's assertions that he has inadequate time to prepare for this case while incarcerated are meritless.

Second, Cannady contends the Court and the government have "denied" him the opportunity to undergo cataract surgery. (Doc. #252 at 7, 34). Here, Cannady inverts the truth. After Cannady asserted he could not proceed to trial without undergoing cataract surgery (Docs. ##96, 99), the Court and the government expended considerable time and effort to afford him access to the surgery—only for Cannady to then refuse it. (Doc. #233). The Court has also ensured that the government and Hudson County Correctional Facility provide Cannady with all necessary medical care, including appointments to address his cardiac concerns in advance of the planned surgery. (Doc. #231). In the end, Cannady refused to proceed with the surgery absent being able to dictate his course of treatment and supersede the judgment of medical professionals, which the Court will not allow. (Docs. ##228, 230). Therefore, any visual impairment Cannady experiences during trial preparation is the result of his refusal to undergo the cataract surgery made available to him by the Court and the government.

Moreover, as demonstrated by the voluminous record in this case, Cannady has had more than sufficient time to review discovery, file numerous motions and objections, discuss all relevant trial preparation and decisions with counsel and standby counsel, prepare to examine and cross-examine witnesses, obtain evidence by subpoena or through the use of an investigator, and fully access the courts.

Separately, on July 8, 2025, Cannady filed a document entitled "Americans with Disabilities Accommodations for Trial Preparation and the Trial" in which he lists accommodations for his visual impairments that he requires for trial preparation and trial. (Doc. #251). As discussed at the case management conference held on June 25, 2025, the Court will ensure that Cannady is provided with reasonable accommodations both before and during trial.

Accordingly, it is HEREBY ORDERED that the government shall submit a letter by **July 21, 2025**, addressing Cannady's concerns regarding such accommodations and the steps the government can and will take to ameliorate them. The Court intends to discuss these issues at the conference scheduled for July 31, 2025.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: July 10, 2025
      White Plains, NY

SO ORDERED:

*Vincent Briccetti* (signature)

Vincent L. Briccetti
United States District Judge