UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA      :

                                         :        **ORDER**

v.                            :

                                         :        24 CR 278 (VB)

VINCENT CANNADY,         :
                    Defendant.    :
----------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/25

On July 27 and July 28, 2025, defendant Cannady filed three separate submissions, all of which raise related allegations of misconduct by the government.  First, on July 27, 2025, Cannady submitted a letter to the Court through standby counsel alleging he has not received "the exhibits the government plans to use at trial" and (ii) he has had limited access to the various electronic devices he needs to review discovery materials.  (Doc. #272).

Second, on July 28, 2025, Cannady filed a document entitled "Motion for a New Detention Hearing Based on New, Material Evidence."  (Doc. #273).  Cannady requests a detention/bail hearing on the ground that new evidence not previously available to him warrants altering his conditions of release.  (Id. at 2).  Specifically, Cannady alleges (i) the government has not produced certain electronic records, (ii) the government has not produced search warrants used in its investigation of Cannady, and (iii) certain files produced by the government in discovery are at least partially corrupted or incomplete.  (Id. at 3–4).  According to Cannady, these failures constitute Brady/Giglio violations and require a new detention/bail hearing.  (Id. at 7–8).

Third, on July 28, 2025, Cannady filed a document entitled "Defendant's Expanded Motion for Evidentiary Hearing Regarding the Government's Failure to Comply with Brady, Giglio, Kyles, Bagley, Rule 16, and Related Disclosure Obligations; Request for Sanctions, Continuance, and Compulsory Certification."  (Doc. #274).  In that filing, Cannady repeats and expands on his request for an evidentiary hearing to address his allegations of discovery misconduct by the government.  (Doc. #269).  Cannady contends that the government has engaged in an "ongoing, structural violation of Mr. Cannady's constitutional rights" by not producing "core search warrants and returns," providing incomplete electronic records, and otherwise interfering with his trial preparation.  (Doc. #274 at 3–4).  For relief, Cannady requests the Court grant an evidentiary hearing to address these issues, compel the government to produce certain materials; continue the trial for "not less than 90 days after full, verified production and the evidentiary hearing decision"; and consider granting Cannady various other remedies.  (Id. at 11–13).

It is HEREBY ORDERED that the government shall address Cannady's latest allegations in the response the Court has already ordered it to file in response to similar allegations raised by Cannady.  (Doc. #271).  The government shall file its response by July 31, 2025.  The Court plans to address all of these subjects at the August 5, 2025, conference.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: July 28, 2025
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge