```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :    ORDER
v.                                 :
                                   :    24 CR 278 (VB)
VINCENT CANNADY,                   :
                      Defendant.   :
--------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/25

      On August 8, 2025, defendant Cannady submitted a motion to remove Daniel A. Hochheiser, Esq., as his standby counsel. (Doc. #297). In brief, he accused Mr. Hochheiser of acting unethically by "altering the dates" of defense subpoenas and engaging in conduct that "demonstrates an intent to prejudice Defendant's case." That same day, the Court issued an Order directing Mr. Hochheiser to file (ex parte and under seal, if he so chose) a letter in response to Cannady's application. (Id. at ECF 1). Mr. Hochheiser submitted his response ex parte and under seal on August 11. On August 12, Cannady submitted a reply to Mr. Hochheiser's response. (Doc. #299).

      For the following reasons, Cannady's motion to remove Mr. Hochheiser as standby counsel is DENIED.

      In light of Mr. Hochheiser's ex parte submission—especially when viewed in the context of the Court's intimate knowledge of the case, as well as Cannady's many prior improper attempts to obstruct these proceedings and delay the upcoming trial—it is clear beyond any doubt that Cannady's assertions that Mr. Hochheiser has acted improperly or unethically are entirely false. Mr. Hochheiser has done nothing improper or unethical. Rather, he has made herculean efforts to assist Cannady despite Cannady's lack of cooperation and baseless personal attacks.

      In fact, Mr. Hochheiser's efforts as standby counsel have been extremely helpful to Cannady, and he has not undermined Cannady's efforts to defend himself in this case. Moreover, Mr. Hochheiser did not act unilaterally with respect to the re-drafting of subpoenas. And nothing in the record suggests that Mr. Hochheiser is biased against Cannady; that he has presumed Cannady's guilt; that he has interfered with Cannady's trial strategy; or that he has done, or will do, anything with the intent to prejudice Cannady's case.

      It may be true that (due entirely to Cannady's conduct) Mr. Hochheiser may not be able to provide as much help as Cannady needs. But the consequence of that reality is simply that Cannady will have to do the best he can representing himself without the help Mr. Hochheiser could provide if Cannady simply resolved to work cooperatively with him.

      Cannady's reply only reinforces the Court's conclusion that his allegations against Mr. Hochheiser are meritless. The whole submission is riddled with blatant falsehoods, including:

1

(i) that Cannady has not had sufficient time or opportunity to review discovery; (ii) that Mr. Hochheiser has interfered with Cannady's defense; (iii) that Mr. Hochheiser believes in Cannady's guilt and therefore has a conflict of interest; and (iv) that Mr. Hochheiser has failed to cooperate with Cannady. Simply put, in his role as standby counsel, Mr. Hochheiser has worked diligently and professionally to assist Cannady, and the Court is confident he will continue to do so to the best of his abilities. To be clear, Mr. Hochheiser is directed to continue to make his best efforts as standby counsel to help Cannady prepare for trial.

Finally, in the event the Court revokes Cannady's pro se status, Mr. Hochheiser is sufficiently knowledgeable about the case to be able to step in as counsel at a moment's notice, even during trial if necessary. Indeed, Mr. Hochheiser has stated he is prepared to do so, if that becomes necessary. In light of the September 8 trial date—which will not be adjourned—no newly appointed standby counsel could possibly familiarize himself or herself with the record to be able to provide meaningful assistance to Cannady, or to be able to step in as counsel if Cannady's pro se status is revoked.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: August 13, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge