USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-4-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA      :
                              :   **ORDER**
v.                            :
                              :   24 CR 278 (VB)
VINCENT CANNADY,              :
                  Defendant.  :
--------------------------------------------------------------x

On August 28, 2025, non-parties Mara Rose Williams and Mark Berman filed separate motions to quash subpoenas served on them by defendant Cannady. (Docs. ##326, 327).[1] On September 2, 2025, Cannady submitted for filing his oppositions to the motions. (Docs. ##353, 354).

For the following reasons, the motions to quash are GRANTED.

Rule 17(c)(2) of the Federal Rules of Criminal Procedure provides that a court may quash or modify a subpoena seeking the production of documents and other items in criminal cases. Although Rule 17(c)(2), by its terms, does not apply to subpoenas ad testificandum (i.e., subpoenas seeking trial testimony such as the ones at issue here), "courts have repeatedly, when the interest of justice have so warranted, heard and granted (and denied) motions to quash subpoenas to compel testimony." United States v. Goldstein, 2023 WL 3662971, at *5 (E.D.N.Y. 2023).

Here, the interest of justice warrants quashing the subpoenas.

First, neither Williams nor Berman have information that is relevant to this case. Williams is an editor for The Kansas City Star. Williams last met Cannady approximately ten years ago to discuss an unrelated matter. Since then, Williams has received hundreds of unsolicited emails from either Cannady or his wife, Ruth Cannady, but she did not respond to them. She has no knowledge or information about the allegations in the case. Berman is a reporter for The Washington Post, and his connection to Cannady and to this case is even more attenuated. Berman has never met or even communicated with Cannady; instead, Cannady has sent him unsolicited emails, which Berman considered to be spam and to which he did not respond. He has no knowledge or information about the allegations in the case. Accordingly, given Williams and Berman's complete lack of connection to both Cannady and to the facts of this case, their testimony at trial would be irrelevant and unnecessary.

Nothing in Cannady's opposition suggests otherwise. Indeed, Cannady relies solely on the fact that he sent numerous emails to Williams and Berman about this case and about the civil

---

[1] The Berman subpoena was served on his employer, The Washington Post, rather than personally on Berman. However, Berman waives personal service for purposes of the motion. (Doc. #327 at 2).

1

case in Missouri to which this case relates. Plainly, their testimony that they received such emails and/or as to what Cannady said in those emails would be irrelevant and inadmissible.[2]

Accordingly, the motions to quash are GRANTED.

The Clerk is directed to terminate the motions. (Docs. ##326, 327).

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: September 4, 2025
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] There is some evidence these subpoenas may have been issued for an improper purpose. In a November 6, 2024, email from Ruth Cannady to Williams and Berman, Ruth refers to subpoenas served on them with respect to the trial then scheduled to commence on December 2, 2024. She adds that "Vincent would recall the subpoenas if the Kansas City Star and the Washington Post runs [sic] a news story." (Id.). Ruth's email suggests the subpoenas were issued not to obtain relevant testimony, but rather to improperly influence Williams and Berman to write news stories about this case. However, because the email was written by Ruth Cannady, not defendant Cannady, and relates to subpoenas for a trial that was later adjourned, rather than to the instant subpoenas, the Court need not rely on this curious episode as a basis to quash the subpoenas.