USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-4-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                 :   **ORDER**
v.                               :
                                 :   24 CR 278 (VB)
VINCENT CANNADY,                 :
                    Defendant.   :
--------------------------------------------------------------x

On August 29, 2025, defendant Cannady submitted for filing a document entitled "Defendant's Motion for Out-of-Time Designation of Expert Witness," seeking leave to designate Barbara Farrell as an expert witness out of time. (Doc. #339). Cannady asserts that Dr. Farrell's testimony regarding his Post-Traumatic Stress Disorder ("PTSD") is "material to Defendant's state-of-mind defense." (Id. at 1). Cannady also asserts that his failure to timely notice Farrell as an expert witness "stems not from strategic delay, but from ineffective and strained communications with stand-by counsel." (Id.).

Also on August 29, 2025, Cannady submitted for filing another document entitled "Defendant's Motion for Out-of-Time Designation of Expert Witness," seeking leave to designate Richard Kiper as an expert witness out of time. (Doc. #342). Cannady proffers that Dr. Kiper "is an expert in cybersecurity and digital forensics" and "has analyzed forensic images of devices seized from Mr. Cannady, identified gaps in the Government's forensic production, and is uniquely qualified to testify about whether exculpatory or missing digital evidence exists." (Id. at 1). Again, Cannady claims that his untimely notice of Dr. Kiper "is the product of ineffective and obstructed communication with stand-by counsel Daniel Hochheiser, as well as Mr. Hochheiser's refusal to file a timely Rule 16 disclosure despite Defendant's repeated instructions." (Id.).

The government opposes both motions, and urges the Court to preclude the testimony of Dr. Farrell and Dr. Kiper. (Doc. #346).

For the following reasons, (i) Cannady's motion as to Farrell is DENIED, and (ii) his motion as to Kiper is GRANTED.

Rule 12.2(b) of the Federal Rules of Criminal Procedure provides: "If a defendant intends to introduce expert evidence relating to a mental disease or defect . . . bearing on . . . the issue of guilt . . . , the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention." Fed. R. Crim. P. 12.2(b).

And Rule 16(b)(1)(c) of the Federal Rules of Criminal Procedure requires that, "[a]t the government's request, the defendant must disclose to the government, in writing" certain information relating to any expert testimony the defendant intends to use "during the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(C). That information includes: (i) "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-

1

in-chief"; (ii) "the bases and reasons for them"; (iii) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; and (iv) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii).

As set forth in detail in the government's letter of September 2, 2025, Cannady has been on notice of his expert discovery obligations since as early as June 18, 2024, and has been repeatedly reminded by the Court and the government of the necessity of providing timely expert disclosures. In September 2024, the Court ordered that expert discovery be disclosed by November 1, 2024. (Doc. #46). On June 30, 2025, the government demanded that Cannady comply with his expert discovery obligations by August 1, 2025. On July 7, 2025, the Court set a deadline for the filing of pretrial motions of July 18, 2025. (Doc. #248).

When deciding whether to preclude expert testimony because the opposing party has provided untimely notice, the Court examines the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997).

Barbara Farrell: Cannady's untimely attempt to notice Farrell as an expert witness cannot overcome the prejudice that Farrell's testimony would cause the government. The Court already ruled at the conference held on August 28, 2025, that it would not allow Cannady to call Farrell as an expert witness and none of Cannady's arguments warrants reconsideration of that ruling.

To start, Cannady has offered contradictory statements as to whether he intends to call Farrell as an expert witness and what her testimony would address. For example, on August 28, Cannady filed a letter in which he wrote "I was not using Barabra Farrell as a subject matter expert. She is simply a witness who talked to me about my PTSD, Kyndryl, work, family, and other issues of stress including incarceration. Ms. Farrell would testify that I had no wrongful intent when taking my work product for the Missouri Department of Labor to prove I am an excellent worker." (Doc. #322 at 3). At the conference on August 28, Cannady stated on the record that he intended to call Farrell to discuss the background of his PTSD diagnosis and symptoms. To allow Cannady to call Farrell as an expert witness, after he repeatedly explained he did not intend to call her as an expert witness, would unfairly prejudice the government—especially in light of the pending September 8 trial date. It would also risk a continuance of the trial date, as the government would potentially be entitled to call its own expert witness to examine Cannady and testify about his mental health.

Beyond the late notice, the unfair prejudice to the government would be exacerbated by the risk that Farrell's testimony would confuse the jury as to whether Cannady is guilty of the charged conduct. Cannady proposes that Farrell would offer expert testimony regarding "intent when taking my work product" from Kyndryl. (Doc. #322 at 3). That proposed testimony runs afoul of Federal Rule of Evidence 704, which prohibits expert witnesses from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b).

Finally, Cannady's explanation for the late notice—"ineffective and strained communications with stand-by counsel"—is unpersuasive. (Doc. #339 at 1). As the Court has repeatedly determined, Cannady's adversarial relationship with standby counsel is of his own making. The Court declines to change its previous ruling. Moreover, as the voluminous record in this case reflects, the real reason Cannady's disclosure is untimely is that he has wasted a tremendous amount of his own time filing frivolous requests, motions, objections, and appeals rather than preparing for trial.

Richard Kiper: The weight of the Softel factors counsels in favor of allowing Cannady to notice Dr. Kiper as an expert witness. Most important, the risk of prejudice to the government is much lower than that posed by Farrell's testimony. On August 7, 2025, Cannady moved for an evidentiary hearing to address claimed evidentiary issues, and as support he attached an "Expert Statement" prepared by Kiper about (i) the May 1, 2024, search conducted by the government at Cannady's property in Missouri, and (ii) Kiper's review of certain discovery materials produced by the government. (Doc. #286–1). Accordingly, the government has been aware of Kiper's involvement in this case and the opinions Cannady would likely seek to introduce, even though Cannady did not timely provide formal notice. Moreover, the government does not object to Kiper testifying regarding his review of certain discovery materials—although it notes that such testimony would likely be factual, rather than expert. (Doc. #346 at 3).

That being said, the Court's ruling does not automatically mean Dr. Kiper will be allowed to provide expert testimony at trial. First, by **September 8, 2025**, Cannady must provide to the government a full expert witness disclosure for Kiper's proposed testimony, in compliance with Rule 16(b)(1)(c)(iii). To repeat, that includes: (i) "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief"; (ii) "the bases and reasons for them"; (iii) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; and (iv) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii). If Cannady does not properly do so, the Court may still preclude Kiper's testimony. Second, assuming Cannady provides the government with a proper expert witness disclosure, he must still demonstrate that Kiper's testimony will be relevant and otherwise admissible under the Federal Rules of Evidence. The government's objections to the subject matter of Kiper's potential testimony are preserved and may be renewed when the Court considers the admissibility of his testimony.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: September 4, 2025
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge