USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1-2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :     **ORDER**
v.                                  :
                                    :     24 CR 278 (VB)
VINCENT CANNADY,                    :
                  Defendant.        :
-----------------------------------------------------------x

On September 30 and October 1, 2025, defendant Cannady submitted numerous motions requesting (i) post-trial relief under Federal Rules of Criminal Procedure 29(c), 33, and 34, and (ii) extensions of time to file additional post-trial motions or supplement already-filed motions.

Motions under Rules 29(c), 33, and 34 must be submitted within 14 days of the guilty verdict. The jury returned its guilty verdict on September 16, 2025, which means that Cannady's deadline to submit his post-trial motions was September 30, 2025. Indeed, by order dated September 22, 2025, the Court directed the government to respond by October 1, 2025, to all of Cannady's post-trial motions made prior to that date—i.e., post-trial motions made on or before September 30, 2025. (Doc. #415).

It is HEREBY ORDERED:

1. On September 30, Cannady submitted via email four applications for post-trial relief under Rules 29(c), 33, or 34. (Docs. ##429, 430, 431, 434).[1] Accordingly, the government is directed to address these applications in its response due today, October 1, 2025.

2. Cannady's two applications to extend the September 30 deadline and supplement his previous filings pursuant to Fed. R. Crim. P. 45(b) are DENIED. (Docs. #433, 440). Cannady submitted these requests (via email) on October 1, 2025, which is after the expiration of the September 30 deadline. Rule 45(b)(1)(B) provides that the Court may "for good cause" extend a filing deadline for a motion made after the originally prescribed time expires "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The Court finds that there is no good cause or excusable neglect here; Cannady made numerous post-trial motions within the 14-day period, but he simply chose not to make a timely request for an extension of time to make additional motions or to supplement motions he already made. Moreover, Cannady had all the information he needed to make post-trial motions within the 14-day period; the government has not delayed in producing evidence; none of Cannady's delay is attributable to jail restrictions or Cannady's medical conditions; and the Court already has a complete record sufficient to resolve all of the issues raised in Cannady's numerous timely-filed post-trial motions. In short, there is no justification whatsoever for an extension of the 14-day deadline.

---

[1] Docs. ##431 and 434 appear to be duplicates.

1

3. On October 1, 2025, Cannady submitted via email two applications for post-trial relief under Rules 29(c), 33, or 34. (Docs. ##432, 437). Accordingly, they are DENIED as untimely. The Court notes that each motion is also frivolous on its face. Cannady is advised that the Court will deny as untimely any additional motions made under Rules 29(c), 33, or 34.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: October 1, 2025
    White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge