USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :       **ORDER**
v.                                 :
                                   :       24 CR 278 (VB)
VINCENT CANNADY,                   :
                     Defendant.    :
--------------------------------------------------------------x

On October 1, 2025, defendant Cannady submitted for filing (among other things) the following three applications for relief:

(1) a request pursuant to Fed. R. Crim. P. 41(g), that the Court order (a) the return of his property seized by the government, and (b) the preservation of "all materials, documents, devices, and evidence in the government's possession that were obtained in connection" with this case. (Doc. #436).

(2) a motion for bail pending sentencing pursuant to 18 U.S.C. § 3143(a) and Fed. R. Crim. P. 46. (Doc. #438).[1]

(3) a request that the Court "expedite production of transcripts, discovery, and medical records" that he claims are "essential for preparing post-trial motions or an appeal." (Doc. #439).

It is HEREBY ORDERED:

1. By **October 6, 2025**, the government shall respond to Cannady's request for the return of his seized property and the preservation of all materials in the government's possession that were obtained related to this case. (Doc. #436). Cannady shall not submit a reply, unless the Court directs him to do so.

2. Cannady's motion for bail pending sentencing is DENIED. (Doc. #438). The Court revoked Cannady's bail following his conviction on September 16, 2025, and detained him pending sentencing. The Court stated its rationale on the record, namely that the Court could not find by clear and convincing evidence that Cannady was not likely to flee or pose a danger to the safety of any other person or the community. Specifically, the Court found that the risk of flight was greater now that defendant has been convicted and is facing the likelihood of a prison sentence; Cannady has made deliberate efforts to fail to appear in previous criminal cases; and Cannady had made numerous efforts to obstruct and undermine the due administration of justice in this case. The Court also noted it was convinced that, if released, Cannady would do anything to avoid coming back to court for sentencing. Moreover, the Court found that Cannady still posed a danger to Kyndryl because he still possessed the confidential files that could harm the

---

[1] Cannady also seeks bail pending appeal. That application is premature because he has not yet been sentenced. See 18 U.S.C. § 3143(b).

1

company, which are the same files he threatened to disclose as part of the offense conduct here. In the instant motion, Cannady presents no persuasive argument to reconsider that decision. In addition, the Court is confident the Marshals are equipped to provide Cannady the proper medical care for his various medical conditions. To the extent Cannady advances any other arguments in support of his motion for bail pending sentencing, those arguments are rejected as frivolous.

3. Cannady's request that the Court order the expedited production of transcripts, discovery, and medical records is DENIED. (Doc. #439). First, the government has properly produced all discovery material in this case—at least once, if not multiple times. Second, the deadline for Cannady to file all motions for post-trial relief under Fed. R. Crim. P. 29(c), 33, and 34 has passed, and the Court has denied Cannady's request for additional time to file additional motions or supplement any pending motions. (Doc. #441). Accordingly, there is no need for him to receive the trial transcripts on an expedited basis. Third, the Court rejects as frivolous Cannady's argument that medical records from his incarceration may constitute exculpatory evidence under Brady v. Maryland. There is no basis for that position in the voluminous record; instead, the Court views this request as yet another attempt by Cannady to obstruct and undermine the due administration of justice in this case.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: October 1, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge