```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-7-25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                      :   **ORDER**
v.                                    :
                                      :   24 CR 278 (VB)
VINCENT CANNADY,                      :
                         Defendant.   :
-----------------------------------------------------------x

By letter dated September 25, 2025, non-party Kyndryl, Inc., requested that the Court seal government trial exhibits ("GX") 801 and 805, which Kyndryl describes as "highly sensitive cybersecurity documents." (Doc. #423). By Order dated September 29, 2025, the Court directed the government and defendant Cannady to respond to Kyndryl's request by October 3, 2025. (Doc. #428). The government responded by letter on October 3, stating it did not oppose Kyndryl's request. (Doc. #444). Cannady did not submit a response.

For substantially the reasons set forth in the letters of Kyndryl and the government, Kyndryl's request is GRANTED.

As admitted into evidence at trial, these two exhibits consist of partially redacted copies, respectively, of the output of a Tenable vulnerability scan (GX 801) and a network architectural diagram (GX 805). The Court is persuaded that even in redacted form, these documents would pose substantial risks to Kyndryl's cybersecurity and permit sophisticated threat actors to target at least one current Kyndryl employee in an effort to obtain sensitive information about Kyndryl's information technology environment. Moreover, sealing these two exhibits would not conceal information of public interest, because there is ample testimony in the public record about the nature of these documents and the fact that they were stolen. And keeping the documents under seal would further the public interest in keeping American companies safe from cyberthreats.

Although GX 801 and GX 805 were displayed to the jury during the trial and later provided to the jury during its deliberations, they were not otherwise made a part of the publicly accessible record in this case. So far as the Court is aware, GX 801 and GX 805 have not been attached to any court filings, or otherwise placed on the docket, under seal or otherwise.

Accordingly, all participants in this case who are in possession of digital or paper copies of GX 801 and GX 805—including the government, the defendant, standby counsel and any personnel for whose conduct standby counsel is responsible—are HEREBY ORDERED not to publicly disclose GX 801 or GX 805 for any purpose. To the extent GX 801 or GX 805 are needed for purpose of an appeal, they shall be provided only under seal to the Court of Appeals and shall not otherwise be made a part of any publicly accessible docket.

If Kyndryl or the government or the defendant or standby counsel believes that some other order is necessary to effectuate the purpose of sealing GX 801 and GX 805, he or it shall promptly so notify the Court.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: October 7, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge