UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

VINCENT CANNADY,
                             Defendant.
--------------------------------------------------------------x

**ORDER**

24 CR 278 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/25

      On October 6, 2025, defendant Cannady submitted for filing two applications for relief.

      The first application is a submission entitled "Defendant's Memorandum of Law in Support of Post-Trial Relief and Objection to Government Witness Testimony." (Doc. #448). In that application, Cannady argues his conviction should be vacated (presumably pursuant to Fed. R. Crim. P. 29) or he should receive a new trial pursuant to Fed. R. Crim. P. 33 because the government introduced "false or misleading testimony" during its case-in-chief. (Id. at 4).[1]

      The second application is entitled "Defendant's Objection and Motion for Relief Based on Violation of Fifth and Sixth Amendment Rights Resulting From Transfer-Induced Communications Blackouts and Denial of Access to Court." (Doc. #449). In that application, Cannady claims he was unable to submit legal filings during two separate 24-hour periods—one on September 23, 2025, when he says he was transferred to MDC-Brooklyn ("MDC"), and another on September 30, 2025, when he says he was then transferred to a specific housing unit at MDC—and that those periods constituted violations of his Fifth Amendment and Sixth Amendment rights. (Id. at 2).

      The two dates referenced in the second application are relevant because they occurred during the 14-day window in which Cannady was required to file his motions for post-trial relief pursuant to Fed. R. Crim. P. 29(c), 33, and 34. In an Order issued on October 1, 2025, the Court made clear it would deny as untimely any motions for post-trial relief filed after that 14-day window, which concluded on September 30, 2025. (Doc. #441). In that Order, the Court also denied as untimely two motions filed by Cannady on October 1. In the second application Cannady requests that the Court (i) find that the government violated his Fifth and Sixth Amendment rights by preventing him from filing applications for relief during the transfer periods; (ii) "[d]eem all filings submitted within the 14-day appeal period as timely"; (iii) "[v]acate or reconsider any denials of post-trial motions that were affected by the communication blackouts"; and (iv) "[g]rant any additional relief . . . , including the appointment of standby

---

[1]     Cannady references a declaration by William H. Brennan, which appears to be the declaration filed by Mr. Brennan in support of non-party Kyndryl's motion to seal two trial exhibits. (Doc. #423-1). The Court granted that motion on October 7, 2025. (Doc. #447). Nevertheless, Cannady focuses his application on his request for post-trial relief, so the Court understands his motion to be limited to that request.

counsel or an order requiring MDC Brooklyn to provide ADA-compliant accommodations." (Doc. #449 at 6).

For the following reasons, both applications are DENIED.

1. The first application (Doc. #448) is untimely. The Court has already ruled that it will deny as untimely any post-September 30 motions for post-trial relief. (Doc. #441). Moreover, Cannady's motion is baseless on its face. He provides no support for his assertion that "multiple government witnesses provided false, misleading, and materially incomplete testimony" save for his own conclusory allegations and what appear to be screenshots of non-party Kyndryl's website, which are irrelevant. (Doc. #448 at 1). Cannady repeatedly attempted to challenge the veracity of the government's witnesses throughout the trial and focused on this subject during his summation. In finding Cannady guilty, the jury evidently rejected his arguments. Cannady cannot now repackage those same arguments in an untimely motion for post-trial relief.

2. All of Cannady's requests for relief in the second application (Doc. #449) are also baseless. First, Cannady has not demonstrated that the Marshals or the government acted improperly in regard to his transfers, let alone violated his constitutional rights. Second, Cannady presents no reason why the Court should extend the 14-day deadline. Even accepting Cannady's allegations as true, the two 24-hour periods in which he says he could not file documents did not prevent him from advancing a robust defense. To the contrary, between September 16 and September 30, Cannady filed more than 20 different motions and requests for relief under Rules 29(c), 33, and 34. Third, as the Court already noted, it reviewed the two untimely motions submitted on October 1 (Docs. ##432, 437) and determined that each was "frivolous on its face." (Doc. #441 at 2). Therefore, if the alleged communication blackouts indeed delayed Cannady in filing those motions, that delay did not prejudice him because the motions would not have warranted relief in any event. Finally, Cannady already has standby counsel, Daniel A. Hochheiser, Esq., who has provided admirable service under trying circumstances, and the Court will not appoint another. Nor will the Court order MDC to provide any specific accommodations, but it encourages the Marshals and MDC to provide reasonable accommodations for Mr. Cannady's health issues to the extent those accommodations are consistent with MDC's policies and procedures.[2]

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: October 8, 2025
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[2] The government is directed to provide a copy of this Order to the Marshals Service and MDC-Brooklyn.