USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :

v.                                :          **ORDER**

VINCENT CANNADY,                  :          24 CR 278 (VB)

             Defendant.   :
-------------------------------------------------------x

By letter dated December 10, 2025 (which the Court received on December 14, 2025), defendant Cannady made a number of requests to the Court, all of which relate to his vision impairment. (Doc. #485). Cannady claims he needs certain "accommodations in order to read or write, to respond to this court and the appeals court," and that he has "no way to type [or] read the pre-sentencing report."

Although the Court is aware of Cannady's vision impairment—indeed, over a period of several months, the Court, with the assistance of the U.S. Marshal and the U.S. Attorney's Office, arranged for Cannady to have cataract surgery while in custody, which Cannady ultimately refused—the Court is somewhat dubious about Cannady's claims. In fact, since he arrived at MDC-Brooklyn ("MDC") on or about September 24, 2025, Cannady has filed more than twenty written motions, letters, and objections. Among other things, those submissions include a ten-page list of objections (Doc. #462) to the November 6, 2025, draft presentence investigation report ("PSR") and a six-page "motion for a Rule 32 hearing on the presentence investigation report and formal objections to guideline calculations" (Doc. #465), both of which were submitted after Cannady was provided with the draft PSR.

Moreover, the December 8, 2025, final PSR includes an addendum that states, "The defendant (pro se) provided several objections to the presentence report in different formats, and a fully 'corrected' presentence report in PDF format that he re-wrote with his additions,

1

modifications, and clarifications." (Final PSR at p. 32).

Notwithstanding the foregoing, and in an effort to reasonably accommodate Cannady's pro se status and vision impairment, the Court has contacted MDC staff to inquire about these matters. MDC staff has informed the Court of the following:

- Like all other MDC detainees, Cannady has access to MDC's so-called "trust fund" computers, which enable him to send emails and messages. Cannady also has access to MDC's discovery computers, on which he can enable accessibility features with the assistance of MDC staff.

- The U.S. Attorney's Office will provide Cannady with a laptop that includes features designed to accommodate his vision impairment. The government is endeavoring to secure the requested laptop as quickly as possible, but estimates the requested laptop, fully enabled with features to accommodate Cannady's vision impairment and loaded with all of the transcripts, trial exhibits, and related materials, will not be available to Cannady at MDC for several weeks.

- Cannady has been provided with five black magic markers and a legal pad. Additional legal pads are available for Cannady upon his request to staff and/or are available for him to purchase from MDC's commissary.

- MDC cannot provide Cannady with a magnifying glass due to security concerns, but it has placed an order for "magnifying sheets," which can be used just like a magnifying glass, and which are likely to arrive within one week.

- Like all other MDC detainees, Cannady can obtain postage and send mail from MDC. The Court declines to issue an order "allowing" standby counsel to provide pre-paid postage envelopes to Cannady.

- Although Cannady purports to need flash drives, for security reasons MDC does not permit inmates to possess small flash drives. However, Cannady is entitled to use an external hard drive the size of a pack of cards or larger.

Accordingly, it is hereby ORDERED:

1. If he has not already done so, standby counsel shall as soon as possible mail a paper copy of the final PSR to Cannady and also email the final PSR to Cannady. Standby counsel shall file a letter certifying that he has done so and including the date(s) the final PSR was mailed and emailed to Cannady.

2. If Cannady needs additional time to submit his single sentencing submission (now due December 29, 2025)—which shall include his objections, if any, to the final PSR, and which must refer specifically to the paragraph numbers of the final PSR to which the objections are made—he may request an extension of time to do so. If the Court grants such an extension, the Court would correspondingly extend the government's deadline to file its sentencing submission and, if appropriate, adjourn the sentencing date.

Standby counsel is directed to provide a copy of this Order to defendant by email.

At Cannady's request, Chambers will also mail a copy of this Order to Cannady at the following address:

Vincent Cannady, Register No. 22313-045
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY   11232

Dated: December 22, 2025
     White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

3