UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA          :

v.                                :    **ORDER**

                                  :    24 CR 278 (VB)
VINCENT CANNADY,
                    Defendant.    :
------------------------------------------------------------x

On January 23, 2026, the Court sentenced defendant Cannady to a term of imprisonment of 37 months, to be followed by a two-year period of supervised release. Judgment was entered on January 28, 2026. (Doc. #509). Cannady has filed a notice of appeal. (Doc. #511).

This Order addresses two recent submissions from Cannady.

1. Motion for Credit for Harsh Conditions of Confinement. On February 3, 2026, the Court received Cannady's "Motion for Credit for Harsh Conditions of Confinement" (Doc. #518),[1] in which Cannady asks the Court to either award him "two-for-one credit for time served," or effect his immediate transfer from MDC-Brooklyn to a residential reentry center ("RRC") or inpatient VA program, or "grant any downward adjustment or equitable relief the Court deems just and proper." Subsequently, the Court received a letter from Cannady, dated January 29, 2026, making essentially the same requests, and also asserting that his "legal blindness prevents [him] from deleting the files as ordered at sentencing as restitution." In the January 29 letter, Cannady makes the additional request that if the Court cannot give him jail time credit for his "harsh conditions of confinement," the Court should order him to be transferred to the Hudson County jail. (Doc. #519).

Cannady's February 3 motion, as supplemented by his January 29 letter, is DENIED.

Subject to certain narrow exceptions, none of which is applicable here, the rule of finality forbids a district court's modification of an already-imposed sentence of imprisonment. See 18 U.S.C § 3582(c); Freeman v. United States, 564 U.S. 522, 526 (2011). Moreover, the cases cited in the motion are all procedurally inapposite.[2]

---

[1]     The motion is dated "January" 3, 2026, which appears to be a typo.

[2]     United States v. Carty is an appeal premised, in part, on the district court's mistaken belief that, at sentencing, it lacked the authority to consider the defendant's conditions of pre-sentence confinement in the Dominican Republic. 264 F.3d 191, 196 (2d Cir. 2001). United States v. Mateo concerns a defendant's pre-sentencing request for a downward departure from the applicable sentencing range based on the extraordinary circumstances she experienced while in pre-trial detention, namely alleged sexual assault by a corrections officer and giving birth without medical attention. 299 F. Supp. 2d 201, 211 (S.D.N.Y. 2004). And United States v. Torres is a decision granting a compassionate release motion. 464 F. Supp. 3d 651, 658-64 (S.D.N.Y. 2020).

1

In any event, even if the Court could modify Cannady's prison sentence, it would not do so. In deciding what sentence to impose, the Court carefully reviewed and considered all of Cannady's submissions prior to sentencing, as well his allocution at sentencing, including all mitigating factors raised therein, such as, for example, his medical needs, alleged disabilities, and conditions of confinement. At bottom, the Court was not persuaded that a time-served sentence—which is essentially what Cannady requests in the instant motion—was appropriate. Rather, the sentence the Court imposed was sufficient but not greater than necessary to satisfy the sentencing objectives set forth in 18 U.S.C. § 3553(a); namely, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. All of those sentencing objectives continue to weigh strongly against Cannady's early release. Moreover, nothing in the motion persuades the Court that Cannady's conditions of confinement were or are so extraordinarily difficult as to merit the relief he seeks here. Thus, even if Section 3582(c), or some other exception, permitted the Court to modify Cannady's prison sentence, it would not do so.

Regarding Cannady's alternative requests for a transfer to an RRC or a VA facility or the Hudson County Jail, the Court has no power to grant those requests (and in any event is not inclined to do so). If he wishes, Cannady can apply to the Bureau of Prisons ("BOP") for jail time reductions or transfer to an RRC or other facility if he is eligible for such relief, but that application must be made to the BOP, not to this Court.

In addition, the Court rejects Cannady's claim that he cannot comply with the restitution order because of his "legal blindness." At sentencing, Cannady said more than once that he would comply with the restitution order, and that all he needed to do so was a computer, a connection to the Internet, and a file transfer protocol. The restitution order remains in effect.

2. Emergency Motion for Transport Accommodation (No Air Travel; Ground Transport Only). On February 12, 2026, the Court received Cannady's "Emergency Motion for Transport Accommodation (No Air Travel; Ground Transport Only)," which seeks an order directing the U.S. Marshals Service not to transport Cannady by airplane and directing that any transport occur by train or coach or van only. (Doc. #522). Attached to the motion is a letter from Cannady to the Marshals Service and the BOP seeking the same relief.

The "emergency motion" is DENIED. The Court has no power to direct the Marshals Service or the BOP to transport Cannady in any particular manner. That request needs to be made to the Marshals Service and the BOP. Indeed, as reflected in the letter he attached to his motion, Cannady has apparently made that request to the Marshals Service and the BOP already.

Standby counsel is requested to provide a copy of this Order to defendant by email.

Chambers will mail a copy of this Order to Cannady at MDC-Brooklyn.

2

The Clerk is instructed to terminate the motions.  (Doc. ##518, 522).

Dated: February 18, 2026
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge