UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :
v.                                :          24 CR 278 (VB)
                                  :
VINCENT CANNADY,                  :
                       Defendant. :
-------------------------------------------------------x

## ORDER REGARDING VERIFIABLE PROCESS FOR COMPLIANCE WITH RESTITUTION ORDER SET FORTH IN JUDGMENT

WHEREAS, on September 16, 2025, defendant Vincent Cannady was convicted after a jury

trial of one count of attempted extortion, in violation of 18 U.S.C. § 1951;

WHEREAS, on January 23, 2026, the Court sentenced defendant to 37 months'

imprisonment followed by two years' supervised release, and imposed mandatory restitution; and

WHEREAS, on January 28, 2026, the Court entered Judgment (Doc. #509), which included

a restitution order pursuant to 18 U.S.C. §§ 3663 and 3663A, requiring defendant to make

restitution to the victim of Count One of the Indictment, Kyndryl, by "returning or destroying all of

the files and property of Kyndryl that he took from Kyndryl, no matter where those files and

property are located," and that such restitution be made "through a verifiable process under the

supervision of the United States Attorney's Office, the Federal Bureau of Investigation, and, if

needed, Kyndryl" (Doc. #509 at 7); and

WHEREAS, defendant stated at sentencing that he would comply with the restitution order,

and that all he needed to do so was a computer, a connection to the Internet, and a file transfer

protocol;

It is hereby ORDERED, upon application of the United States of America, by its attorney,

Jay Clayton, United States Attorney for the Southern District of New York, and Reyhan Watson,

Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's

1

conviction on Count One of the Indictment; and all other proceedings in this case, that defendant shall make restitution as follows:

### A.    Restitution Obligation

Pursuant to the Judgment, VINCENT CANNADY, the defendant, is obligated to make restitution to the victim of Count One of the Indictment, Kyndryl, by returning or destroying all Stolen Kyndryl Property pursuant to 18 U.S.C. §§ 3663(b)(1)(A) and 3663A(b)(1)(A).

"Stolen Kyndryl Property" shall mean all eight hundred and nine (809) files defendant downloaded from Kyndryl's systems after his engagement as a contract employee at Kyndryl was terminated and then later attempted to use in his scheme to extort Kyndryl.  This shall include all copies of such materials, (i) in any form (e.g., tangible or intangible, or electronic or hard copy); (ii) in any location (e.g., on devices or in the cloud, or at his residence or anywhere else); (iii) in any person or entity's possession (e.g., friends, family, or third-parties such as Microsoft, Google, Yahoo, or any website); and (iv) possessed at any time, now or in the past.

### B.    Schedule for Restitution

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating 18 U.S.C. § 3572), in consideration of the form of restitution, the defendant's current financial, medical, and other circumstances, and the procedures required to ensure that restitution is fully and appropriately made as ordered, the defendant shall make restitution in the manner and according to the schedule that follows:

1.    By March 18, 2026, defendant shall provide the government with an inventory of locations and accounts, setting forth all locations to his knowledge where Stolen Kyndryl Property was ever stored, transferred, printed, uploaded, or otherwise maintained.  This inventory shall include (i) all devices (e.g., computers, phones, tablets, external drives, USBs) on which Stolen Kyndryl Property has been accessed or downloaded; (ii) all physical locations where hard copies exist or existed; and (iii) all email accounts, cloud storage accounts, messaging apps, collaboration

platforms, and websites, where Stolen Kyndryl Property is or was ever stored.  Disclosure of these locations is required irrespective of whether the locations still contain Stolen Kyndryl Property.

2.    With respect to all physical devices and hard copy materials containing Stolen Kyndryl Property, defendant, within twenty-eight (28) days of his release from incarceration, shall either (i) deliver to the government these physical devices and hard copy materials, or (ii) delete all Stolen Kyndryl Property from these devices and destroy all hard copies of Stolen Kyndryl Property.

3.    By March 18, 2026, defendant shall provide the government with a complete list of all persons or entities to whom the defendant (or anyone acting on his behalf) provided or otherwise disclosed any Stolen Kyndryl Property.  This complete list shall include contact information of the persons or entities and shall describe the manner and approximate date(s) of disclosure of Stolen Kyndryl Property to such persons or entities.  Disclosure of these persons or entities is required irrespective of whether the persons or entities still possess Stolen Kyndryl Property.

4.    With respect to all persons or entities identified pursuant to paragraph 3, defendant shall cooperate with the government in ensuring any Stolen Kyndryl Property in possession of those persons or entities be returned or destroyed.  Defendant's cooperation shall include, but is not limited to, answering any reasonable follow-up questions the government has relating to the recovery of Stolen Kyndryl Property from those persons or entities.

5.    To the extent defendant claims he no longer has access to or no longer can remember how to access any website, device, or online account containing Stolen Kyndryl Property identified pursuant to paragraph 1, he shall, within twenty-eight (28) days of his release from incarceration, sign any necessary consents authorizing the government to destroy or delete any such device, website, or online account.

6.    Defendant, standby counsel (Daniel A. Hochheiser, Esq.), the government, and the FBI, shall appear at a conference on **March 23, 2026, at 9:30 a.m.**, in Courtroom 620 at the White

Plains courthouse.  At this conference, the parties shall discuss any outstanding issues regarding the procedures by which defendant shall satisfy his restitution obligation.

7.     Defendant and standby counsel shall, immediately following the conference on March 23, 2026, and under the supervision of the government and the FBI, return or delete all Stolen Kyndryl Property and all copies thereof contained in intangible or electronic form.  This shall include, but is not limited to, all Stolen Kyndryl Property found in email accounts, cloud storage accounts, messaging apps, collaboration platforms, and websites.  Upon completion of this process, defendant shall inform the Court, in open court, whether he has deleted or returned all intangible or electronic forms of Stolen Kyndryl Property, and that no copies have been retained by defendant.

8.     The FBI and U.S. Attorney's Office shall provide whatever security is necessary to effectuate the procedure set forth in paragraph 7, so as not to unduly burden the United States Marshals Service.

9.     During the procedure set forth in paragraph 7, the government shall provide defendant with a laptop computer specially configured to accommodate defendant's vision impairment.  This laptop computer shall be connected to the Internet and contain whatever programs necessary for defendant to return or delete all Stolen Kyndryl Property and all copies thereof contained in intangible or electronic form.

10.     Standby counsel shall retain an individual with technological capabilities ("tech aid") sufficient to aid defendant in complying with the procedure set forth in paragraph 7, in ways including, but not limited to, operating the laptop in accordance with defendant's verbal instructions.  The tech aid shall attend the March 23, 2026, conference and participate in the subsequent meeting to facilitate defendant's return of Stolen Kyndryl Property.  The Court will approve standby counsel's request submitted on CJA eVoucher to compensate the tech aid.

4

11.     If, at the March 23, 2026, conference, the Court determines additional time is needed to resolve outstanding issues regarding the procedure set forth in paragraph 7, the Court shall conduct a second conference on March 30, 2026, at 9:30 a.m.  Defendant, standby counsel, and the tech aid shall, immediately following this conference, and under the supervision of the government and the FBI, return or delete all Stolen Kyndryl Property and all copies thereof contained in intangible or electronic form.  This shall include, but is not limited to, all Stolen Kyndryl Property found in email accounts, cloud storage accounts, messaging apps, collaboration platforms, and websites.  Upon completion of this process, defendant shall inform the Court, in open court, whether he has deleted or returned all intangible or electronic forms of Stolen Kyndryl Property, and that no copies have been retained by defendant.

12.     If, before the March 30, 2026, conference, the government believes this verifiable process for restitution cannot be completed without the assistance of Kyndryl, it may make an application for Kyndryl to appear at the second conference and participate in the process.  To be clear, the Court is not inclined to grant such an application unless Kyndryl's assistance is absolutely necessary.

13.     Within twenty-eight (28) days of his release from incarceration, defendant shall submit a sworn declaration attesting that (i) he has complied with all of the foregoing procedures; (ii) all of the Stolen Kyndryl Property has been returned or destroyed; (iii) no copies of the Stolen Kyndryl Property have been retained by defendant; and (iv) no copies of the Stolen Kyndryl Property have been provided by defendant (or anyone acting on his behalf) to anyone else, except to the extent previously disclosed pursuant to paragraph 3.

### C.     Compliance and Cooperation

14.     The defendant's incarceration, and the difficulties posed by it, shall not excuse him from complying with these procedures.

15. At all times prior to the defendant's full compliance with these procedures, defendant shall timely respond to the government's inquiries concerning his compliance, and shall cooperate with the government as appropriate to resolve any issue defendant reasonably believes is causing him to be unable to comply with these procedures.

16. To the extent these procedures require items or materials to be shipped to the government, such items or materials shall be shipped to the following address:  U.S. Attorney's Office, SDNY, Attn:  AUSA Reyhan Watson, 50 Main Street, Suite 1100, White Plains, New York, 10606.

17. The government shall preserve all materials, physical or electronic, provided by defendant in accordance with his restitution obligation and the procedures set forth herein.  Upon defendant's full compliance with these procedures, the government shall return to the defendant any physical devices and/or shall restore the defendant's online access to websites or accounts.  This paragraph shall not apply to any devices already in the government's possession at the time of entry of this order.  Nothing in this order shall obligate the government to return Stolen Kyndryl Property to defendant for any reason.

18. This order is without prejudice to the government seeking judicial intervention in the event defendant either fails or refuses to comply with this order.

Standby counsel is directed to provide a copy of this order to defendant by email.

Chambers will mail a copy of this order to defendant at MDC-Brooklyn.

Dated: February 27, 2026
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

6