UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :     **ORDER**
v.                                :
                                  :     24 CR 278 (VB)
VINCENT CANNADY,                  :
                         Defendant.     :
-------------------------------------------------------x

After carefully considering the government's letters dated February 13, 2026 (Doc. #523), and February 20, 2026 (including the government's proposed "amended restitution order") (Doc. #534), as well the eight recent submissions from defendant Cannady (Docs. ##526, 530, 531, 532, 533, 535, 536, and 537), the Court has separately docketed an order dated February 27, 2026, entitled "Order Regarding Verifiable Process for Compliance with Restitution Order Set Forth in Judgment" (the "Verifiable Process Order"), which sets forth a verifiable process to reasonably ensure Cannady's compliance with the restitution order contained in the Judgment entered on January 28, 2026. The Verifiable Process Order adopts some but not all of the provisions in the government's proposed amended restitution order. Some of the provisions in the government's proposed amended restitution order to which Cannady objected have not been included in the Verifiable Process Order.

All of Cannady's recent submissions, in one fashion or another, relate to the process by which the files and property he stole from Kyndryl shall be returned. To be clear, the Verifiable Process Order is not an "amended restitution order." It is an order issued to reasonably ensure Cannady's compliance with the restitution order contained in the Judgment entered on January 28, 2026, which in relevant part requires that Cannady "return or destroy the files and property of Kyndryl through a verifiable process under the supervision of the United States Attorney's Office, the Federal Bureau of Investigation, and, if needed, Kyndryl." (Judgment at 7; Doc. #509).

Fairly construed, the requests and objections in Cannady's recent submissions can be grouped into three categories:

1. Requests to stay or enjoin enforcement of the restitution order pending appeal.

2. Requests that the Court direct the Bureau of Prisons ("BOP") how to handle or treat Cannady's medical conditions.

3. Objections to the government's proposed amended restitution order.

Requests to stay or enjoin enforcement of the restitution order pending appeal.[1] These requests are DENIED.

---

[1] More than once in his various submissions, Cannady asserts that the Court entered an amended restitution order on February 19, 2026. This is not correct. The Court has not entered

The Court recognizes that, pursuant to Fed. R. Crim. P. 38(e)(1), it has the power to stay a sentence providing for restitution pending appeal. However, in an exercise of its discretion, the Court will not stay the restitution order pending appeal, for the following reasons.

First, a sentence that imposes an order of restitution is a final judgment notwithstanding that the sentence can be appealed or modified. 18 U.S.C. § 3664(o)(1)(B). As such, a restitution order is enforceable immediately, and must be obeyed unless and until it is reversed. See United States v. United Mine Workers of America, 330 U.S. 258, 293–94 (1947).

Second, having presided over the entirety of this case, the Court finds that Cannady is highly unlikely to succeed on the merits of his appeal, either as to his conviction or sentence. The Court further finds that Cannady has not shown he will be irreparably injured absent a stay. Indeed, the Verifiable Process Order is designed to ensure only the return of the 809 files Cannady stole from Kyndryl after he was fired, which have no exculpatory value, and in the unlikely event the government is required to return any files or other materials to Cannady, those files and materials will have been preserved pursuant to the Verifiable Process Order.

Finally, a stay of the restitution order would only increase the risk that Kyndryl would be harmed by the public release of the stolen files. In other words, a stay might well harm the victim, not the defendant.

Requests that the Court direct the Bureau of Prisons ("BOP") how to handle or treat Cannady's medical conditions. These requests are DENIED. Cannady is in the custody of the BOP pursuant to a lawful sentence imposed by the Court, as delineated in the Judgment. The BOP has the difficult task of addressing the medical needs of all of the approximately 150,000 inmates in its custody, not just Cannady. The Court has neither the power nor the expertise to direct the BOP how to treat Cannady's medical conditions. Moreover, Cannady's physical limitations, to the extent they exist, have not prevented him from vigorously litigating this case, and will not prevent him from complying with the Verifiable Process Order, especially with the assistance of standby counsel and the other accommodations set forth in the Verifiable Process Order.[2]

Objections to the government's proposed amended restitution order. The Court is not issuing the government's proposed amended restitution order. Instead, the Court has issued the Verifiable Process Order. The Verifiable Process Order does not require a compelled deposition or mandatory password disclosures in the manner proposed by the government. It also does not require the involvement of Kyndryl. And it does not require Cannady to destroy evidence during a pending appeal, or to return, delete, or destroy his own personal property or "work product."

---

an amended restitution order. As noted above, the Court is entering the Verifiable Process Order today.

[2]    To the extent Cannady seeks reconsideration of the Court's Order dated February 18, 2026, denying his motions for "credit for harsh conditions of confinement" and for "transport accommodation (no air travel; ground transport only)," that application is denied as plainly without merit.

2

Instead, the Verifiable Process Order requires that Cannady himself, under the supervision of the government, access and return or delete all stolen Kyndryl property contained in electronic or intangible form.  And as to stolen Kyndryl property contained in physical devices or in hard copy form, the Verifiable Process Order requires Cannady, within 28 days of his release from incarceration, to either (i) deliver the physical devices and hard copies to the government, or (ii) delete all stolen Kyndryl property from these devices and destroy all hard copies.  The Verifiable Process Order also requires the government to preserve all materials, physical or electronic, returned or provided by Cannady in accordance with the procedures set forth in the order.

In short, the Verifiable Process Order does not require Cannady to return any property other than the 809 stolen files.  It does, however, require Cannady to attest, either in open court or in a sworn declaration, that all of the files have been returned or destroyed and that no copies have been retained by Cannady or provided by Cannady (or anyone acting on his behalf) to anyone else.  This attestation is the minimum necessary to reasonably ensure Cannady's compliance with the restitution order.

Regarding Cannady's claims that he cannot comply with the restitution order because of his vision impairment or other alleged physical limitations, the Court is not persuaded.  The Verifiable Process Order requires him to provide information which he can do regardless of any physical limitations.  In addition, the Verifiable Process Order provides Cannady with reasonable accommodations to enable him to comply with the order; to wit, he will have the assistance of both standby counsel and a person with technological capabilities to assist him in operating a laptop computer, which will itself be configured to address Cannady's vision impairment.

Standby counsel is requested to provide a copy of this Order to defendant by email.

Chambers will mail a copy of this Order to Cannady at MDC-Brooklyn.

Dated: February 27, 2026
       White Plains, NY

                                    SO ORDERED:

                                    _____
                                    Vincent L. Briccetti
                                    United States District Judge

3