Copy Mailed by Chambers 4/14/26 Dh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :     **ORDER OF CIVIL**
v.                                                 :     **CONTEMPT**
                                                   :
VINCENT CANNADY,                                   :     24 CR 278 (VB)
                              Defendant.           :
------------------------------------------------------------X

WHEREAS, on September 16, 2025, defendant Vincent Cannady was convicted after a

jury trial of one count of attempted extortion, in violation of 18 U.S.C. § 1951;

WHEREAS, on January 23, 2026, the Court sentenced defendant to 37 months'

imprisonment followed by two years' supervised release, and imposed mandatory restitution;

WHEREAS, defendant stated at sentencing that he would comply with the restitution

order, and that all he needed to do so was a computer, a connection to the Internet, and a file

transfer protocol;

WHEREAS, on January 28, 2026, the Court entered Judgment (Doc. #509), which

included a restitution order pursuant to 18 U.S.C. §§ 3663 and 3663A, requiring defendant to

make restitution to the victim of Count One of the Indictment, Kyndryl, by "returning or

destroying all of the files and property of Kyndryl that he took from Kyndryl, no matter where

those files and property are located," and that such restitution be made "through a verifiable

process under the supervision of the United States Attorney's Office, the Federal Bureau of

Investigation, and, if needed, Kyndryl" (Doc. #509 at 7);

WHEREAS, on February 27, 2026, the Court entered an "Order Regarding Verifiable

Process for Compliance with Restitution Order Set Forth in Judgment" (the "Verifiable Process

Order") (Doc. #538), which sets forth a verifiable process to reasonably ensure defendant's

compliance with the restitution order contained in the Judgment entered on January 28, 2026;

1

WHEREAS, on March 23, 2026, and March 30, 2026, the Court held conferences concerning defendant's compliance with the terms of the Verifiable Process Order, and defendant refused to comply with the Verifiable Process Order; and

WHEREAS, at the March 30, 2026, conference, the Court found defendant in civil contempt of the Verifiable Process Order and stated its intent to impose a sanction of civil confinement until defendant purges the contempt (Doc. #556);

It is hereby ORDERED, upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, and Reyhan Watson, Assistant United States Attorney, of counsel; the on-the-record discussions at the March 23 and March 30, 2026 conferences, and for the reasons stated on the record at those conferences:

1.  The Verifiable Process Order is a clear and unambiguous order that required defendant to, among other things:

> A.  "By March 18, 2026, . . . provide the government with an inventory of locations and accounts, setting forth all locations to his knowledge where Stolen Kyndryl Property was ever stored, transferred, printed, uploaded, or otherwise maintained.  This inventory shall include . . . all email accounts, cloud storage accounts, messaging apps, collaboration platforms, and websites, where Stolen Kyndryl Property is or was ever stored" (Doc. #538 at ¶ 1);
>
> B.  "[I]mmediately following the conference on March 23, 2026, and under the supervision of the government and the FBI, return or delete all Stolen Kyndryl Property and all copies thereof contained in intangible or

2

electronic form.  This shall include, but is not limited to, all Stolen Kyndryl Property found in email accounts, cloud storage accounts, messaging apps, collaboration platforms, and websites," and, "[u]pon completion of this process, . . . inform the Court, in open court, whether he has deleted or returned all intangible or electronic forms of Stolen Kyndryl Property, and that no copies have been retained by defendant" (Doc. #538 at ¶ 7); and

C.    "[I]mmediately following [the] conference [on March 30, 2026,] and under the supervision of the government and the FBI, return or delete all Stolen Kyndryl Property and all copies thereof contained in intangible or electronic form.  This shall include, but is not limited to, all Stolen Kyndryl Property found in email accounts, cloud storage accounts, messaging apps, collaboration platforms, and websites," and, "[u]pon completion of this process, defendant shall inform the Court, in open court, whether he has deleted or returned all intangible or electronic forms of Stolen Kyndryl Property, and that no copies have been retained by defendant."  (Doc. #538 at ¶ 11).

2.  The Court finds by clear and convincing evidence that defendant has not complied with paragraphs 1, 7, and 11 of the Verifiable Process Order, and defendant has not been reasonably diligent and energetic in attempting to comply with the Verifiable Process Order.

3.  The Court finds that defendant has failed to offer any valid reason why he should not be held in contempt until he complies with the Verifiable Process Order.

4.   Accordingly, and for the reasons stated on the record at the March 30, 2026 conference, the Court finds Cannady in civil contempt of the Verifiable Process Order.  See Drywall Tapers Local 1974 v. Local 530, 889 F.2d 389, 394 (2d Cir. 1989).

5.   For the reasons stated on the record at the March 30, 2026 conference, and in light of defendant's statements at the March 23 and March 30, 2026 conferences, the Court's intimate familiarity with this case and with the defendant's conduct, and the Court's "broad discretion to design a remedy that will bring about compliance," the Court finds that a sanction of civil confinement is reasonably likely to compel defendant's compliance with the Verifiable Process Order.  Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 657 (2d Cir. 2004).  The Court further finds that no sanction short of incarceration would be likely to compel defendant's compliance.  Accordingly, the Court imposes a sanction of civil confinement due to defendant's contempt.  This sanction shall continue until defendant purges himself of the contempt or the Court otherwise orders.

6.   The Court finds that if it does not toll the defendant's sentence previously imposed in this criminal case during this period of civil confinement, then the sanction would be unlikely to coerce defendant's compliance with the Verifiable Process Order.  See United States v. Dien, 598 F.2d 743, 744 (2d Cir. 1979).  Accordingly, effective immediately the Bureau of Prisons shall toll the running of defendant's 37-month criminal sentence, and defendant shall remain in custody but receive no credit toward his sentence in this criminal case until he purges himself of the contempt or the Court lifts the sanction.

7.   To ensure this contempt sanction retains its coercive effect, the Court will "carefully and regularly assess" whether Cannady's civil confinement for contempt continues to be reasonably likely to compel defendant's compliance with the Verifiable Process Order.

Schwartz v. ThinkStrategy Capital Mgmt. LLC, 2017 WL 5558682, at *1 (S.D.N.Y. May 9, 2017).  To that end, the Court has already scheduled a further conference for **May 19, 2026, at 10:00 a.m.**, to be held in the White Plains courthouse, Courtroom 620, in the event that Cannady has not purged his contempt by that date.  (Doc. #556).  This conference is but one aspect of the Court's "conscientious effort to determine whether there remains a realistic possibility that continued confinement might cause the contemnor to comply as ordered."  Commodity Futures Trading Com'n v. Armstrong, 269 F.3d 109, 112 (2d Cir. 2001).  Cannady is directed to immediately notify the government and the Court if he wishes to purge his contempt.  The parties remain at liberty to request an earlier conference date.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Chambers will mail a copy of this Order to Cannady at MDC-Brooklyn.

Dated:   April 14, 2026
         White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

5