UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA    :

v.    :       **ORDER**

    :       24 CR 278 (VB)

VINCENT CANNADY,    :
       Defendant.  :
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-24-26

Copies Mailed/Faxed 4/24/26
Chambers of Vincent L. Briccetti

       On April 14, 2026, defendant Cannady's standby counsel, Daniel A. Hochheiser, Esq., filed a letter motion seeking to be relieved as standby counsel. (Doc. #562). On April 23, 2026, Cannady filed his response. (Doc. #571).

       Local Civil Rule 1.4(b), which governs motions to withdraw as counsel, provides:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case.

       The Court is sympathetic to Mr. Hochheiser's position. Indeed, Mr. Hochheiser has articulated a sufficient basis upon which the Court could grant his request to be relieved.

       However, Mr. Hochheiser's withdrawal at this late stage of the case would disrupt the proceedings. The only matters now pending are Cannady's continued failure to comply with his restitution obligation, and this Court's finding of civil contempt as a result of that failure. As standby counsel, and given his intimate knowledge of the case, Mr. Hochheiser plays an important (albeit limited) role in facilitating Cannady's easy compliance with his restitution obligation.

       Thus, although Mr. Hochheiser has provided a satisfactory reason for his withdrawal, the posture of the case requires that his motion to be relieved as standby counsel be DENIED WITHOUT PREJUDICE. If Mr. Hochheiser wishes to renew this motion, he may do so at the next conference in this case, currently scheduled for May 19, 2026.

       To be clear, Cannady's claim that Mr. Hochheiser has been ineffective is entirely without merit. The Court reminds Cannady that he elected to proceed pro se, and thus is not entitled to relief for the alleged ineffectiveness of standby counsel. See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998). In any event, the Court finds that Mr. Hochheiser has rendered extraordinarily professional and effective services in this case, above and beyond the call of duty.

       Standby counsel is requested to provide a copy of this Order to defendant by email.

1

Chambers will mail a copy of this Order to Cannady at MDC-Brooklyn.

Dated: April 24, 2026
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge