UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT CANNADY,<br>Defendant. | **ORDER**<br><br>24 CR 278 (VB) |

On September 8, 2026, defendant Cannady filed a submission entitled "defendant's motion to compel ruling on the pending August 3, 2026 motion to remove tolling of time from the civil contempt order dated April 14, 2026; to restore 94 days of sentence credit; to compel production of transcripts and record materials; and to authorize standby counsel to re-engage the CJA paralegal, cybersecurity expert, and investigator." (Doc. #618). In this submission, Cannady requests that the Court (i) rule on his "August 3, 2026 motion to remove the tolling of time from the civil contempt order" and direct the Bureau of Prisons to give him credit towards his criminal sentence for his period of civil confinement; (ii) determine that the prosecution in case no. 26-cr-330 (PMH) violates the double jeopardy clause; (iii) authorize standby counsel to re-engage a paralegal, cybersecurity expert, and investigator to assist Cannady in completing his appellate briefs; and (iv) order the court reporter and the government to provide materials required for Cannady to pursue his appeals, such as transcripts, exhibits, and docket entries in this case.

First, to the extent Cannady requests a ruling on his "August 3 motion to remove the tolling of time from the civil contempt order," there is no such motion pending before the Court. On August 3, 2026, Cannady filed a submission requesting that case no. 26-cr-330 (PMH) be transferred from Judge Halpern to Judge Briccetti. (Doc. #615). The Court denied that request in an order dated August 3, 2026. (Doc. #616). And Cannady's August 3 submission never

articulated any request that the Court give him credit towards his criminal sentence for his period of civil confinement, which lasted from April 14, 2026, until July 16, 2026.

In any event, Cannady's request that the Court direct the BOP to give him credit towards the service of his criminal sentence for his period of civil confinement is DENIED as plainly without merit. Cannady's 37-month criminal sentence was properly tolled during his period of civil confinement to ensure the sanction of civil confinement had coercive effect. The Court's decision to lift this sanction does not now entitle Cannady to credit towards his criminal sentence for the time he spent in civil confinement.

Second, Cannady requests that the Court find the prosecution in case no. 26-cr-330 (PMH)—which charges him with criminal contempt—violates the double jeopardy clause. The motion is DENIED because it is a motion that would have to made in the 26-cr-330 criminal contempt case, not in this case. The Court expresses no opinion on the merits of such a motion.

Third, Cannady requests that the Court authorize standby counsel to re-engage a paralegal, cybersecurity expert, and investigator to assist Cannady in completing his appellate briefs. This request is DENIED for the same reasons the Court has previously articulated—namely, that the request has nothing to do with the only matter pending before this Court, which is Cannady's continued failure to satisfy his restitution obligation. (Doc. #569). In any event, to the extent Cannady wishes to obtain such additional services to assist him in completing his appellate briefs, he must make that application to the Second Circuit. The Court expresses no opinion on the merits of such a motion in the Second Circuit.

Finally, Cannady asserts that the government has refused to provide him with transcripts, exhibits, and record materials he needs to pursue his appeals. By September 17, 2026, the government shall submit a letter responding to Cannady's assertion and advising the Court as to

its production of such materials to Cannady and/or whether Cannady has already received any or all of these materials.

Standby counsel is respectfully requested to email a copy of this order to Cannady.

Chambers will mail a copy of this Order to Cannady at MDC-Brooklyn.

Dated: September 10, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge